Newman
v.
Jackson.

[SALE.]

NEWMAN, Plaintiff in Error, *against* JACKSON, Defendant in Error.

Question as to the sufficiency of a notice of sale of real property under a deed of trust.

No particular form of such a notice is prescribed by law; it is sufficient if the description of the land is reasonably certain, so as to inform the public of the property to be sold.

*March 2d.*

THIS cause was argued by Mr. *Key*, for the plaintiff in error, and by Mr. *Swann*, for the defendant in error.

*March 12th.*

Mr. Justice TRIMBLE delivered the opinion of the Court.

This was an action of ejectment, brought to recover lot No. 99, in *Threlkeld's addition to Georgetown*, with the improvements thereon, fronting sixty feet on Fayette-street, and one hundred and twenty feet on Second-street.

The plaintiff in error was tenant in possession of the premises, appeared to the action, and, upon entering into the common consent rule, was admitted to defend, and pleaded not guilty, upon which issue was joined.

Upon the trial in the Court below, the plaintiff gave in evidence a deed from John W. Bronaugh to Thomas G. Moncure, conveying to him, in trust, for the payment of certain enumerated creditors, " A lot on Fayette-street, and Second-street, in Georgetown, fronting 60 feet on Fayette-street, and 120 feet on Second-street, with the buildings,

improvements, and privileges," in trust, to secure the payment of the enumerated debts within thirty days; and, if not then paid, the property conveyed in trust to be sold, " after a week's notice in the Messenger," &c.

The plaintiff gave in evidence the notice published in the Messenger, under, and in pursuance of which, the property was sold at public auction, in these words, to wit: " By virtue of a deed of trust to the subscriber, for the securing certain moneys therein-mentioned, will be exposed to public sale, on Thursday, the 4th of March next, for ready money, the following described property, viz. lot No. 99, in Peter, Beatty, Threlkeld, and Deakins' addition to George-town, fronting 60 feet, on Fayette-street, and 120 feet on Second-street, with a two story brick dwelling house, in excellent repair, thereon. The sale to take place on the premises.

" THOMAS G. MONCURE, *Trustee.*

" The above sale postponed until the 4th day of May next, when it will certainly take place. *March 24th, 1819.*"

The plaintiff proved, that the lot conveyed by the deed of trust had been sold on the premises, at public auction, by Moncure, the trustee, on the day mentioned in the notice, and that Jackson became the highest bidder and purchaser; and the plaintiff gave in evidence the deed of conveyance made by the trustee to Jackson, for lot No. 99, &c. in pursuance of the public sale. It was proved, that the plaintiff in error had entered upon the premises as tenant to John W. Bronaugh, and that he was in possession at the commencement of the suit; and the town plats were also given in evidence.

A verdict was taken for the plaintiff, subject to the opinion of the Court, as to the law arising upon the case, and the Court below thereupon gave judgment for the plaintiff in that Court.

It is contended for the plaintiff in error, that the judgment of the Court below is erroneous, and should be reversed:

1st. Because no valid sale could be made of the premises in question without the aid of a Court of equity.

2dly. Because the trustee's " proceedings were irregular, and no title passed to the appellee by Moncure's deed of the 14th of June, 1819."

We do not think there is any thing in the first ground assumed by the counsel for the plaintiff in error. Whether the conveyance from Bronaugh to Moncure be regarded as a mortgage, as contended for by the counsel, or as a deed of trust, in the usual and technical sense of the term, there can be no doubt it vested in Moncure the legal title to the premises ; and his conveyance of the premises by deed to the appellee, if regularly made, must necessarily be regarded in a Court of law, as investing the appellee with the *legal title*. How the matter might be regarded by a Court of equity, is not for this Court here to say. But it is perfectly clear, that the conveyance of the trustee was a sufficient title at law to enable his alienee to recover in the action of ejectment, unless the second objection is maintainable.

The second ground of argument proceeds upon an objection to the notice of sale. It turns out, upon an inspection of the town plats, that the premises in question do not lie in " Peter, Beatty, Threlkeld, and Deakins' addition to Georgetown," as described in the notice, but in " Threlkeld's" addition to Georgetown. And this mistake in the description of the premises, it is insisted, wholly vitiates the notice, and must render the sale made under it void. We think the objection ought not to be sustained. The law has prescribed no particular form for a notice of this description. It is sufficient if, upon the whole matter, it appears calculated reasonably to apprize the public of the property intended to be sold. We think the notice sufficient for that purpose, notwithstanding the inaccuracy of describing the property as being in " Peter, Beatty, Threlkeld, and Deakins' addition," instead of " Threlkeld's addition." It could not mislead those who did not know the precise limits of these respective additions, and they were, to those who might wish to purchase, of so little consequence, as scarcely to form a subject of inquiry. That part of the description, all must have known, did not, and could

not, point out the particular lot intended to be sold. That could only be arrived at by the more certain and specific description of its locality ; namely, " lot No. 99, fronting 60 feet on Fayette-street, and 120 on Second-street." To those who knew the precise limits of the several additions, the notice furnished, upon its face, not only sufficient evidence of the mistake, but a sufficient corrective of that mistake. They could not be ignorant that Fayette-street and Second-street were not in the addition described, but in the adjoining addition, in the name of Threlkeld. As the lot is described as fronting 60 feet on one of those streets, and 120 on the other, it must have been obvious, at once, that as these streets crossed each other at right angles, and the lots were laid off in right-angled parallelograms, the lot intended lay in the angle formed by these two streets. The streets of a town are its public highways, and must be presumed to be well known to, or easily found by, all those who have an interest in knowing them, or inquiring for them. They are, indeed, the most prominent and notorious land marks and guides by which the lots are to be sought for, found, and known.

It cannot be believed, that any one wishing to find, or know, lot No. 99, fronting 60 feet on Fayette-street, and 120 feet on Second-street, or to purchase, could be, for one moment misguided by the inaccurate, and palpably mistaken description, of its being in " Peter, Beatty, Threlkeld, and Deakins addition."

Common sense would dictate, to every one who read the notice, that the less important, obscure, and indefinite part of the description, which, whether true or false, did not fix and give locality to the lot intended to be described, ought to yield to that palpable and notorious description, in reference to the public streets and highways of the town, which gave it positive locality.

It has been said, that the No. 99, did not appear on the recorded plat of the town, upon which the square only is laid down, without divisional lines and numbers designating the lots of each square ; but, it is admitted, it was numbered on the plat made out by order of the corporation, and lodged with the register. but not recorded.

It is believed, no purchaser would have ventured to buy without first inspecting the title deeds, and both the plats. But be this as it may, and even if any should have been so careless as not to examine the latter plat, still it would clearly appear, from the recorded plat, that the lot described did not lie in the addition supposed by the notice, but in Threlkeld's addition, which was all that was necessary to correct the mistake; and it would also appear, it must necessarily lie in the angle made by Fayette-street and Second-street.

A purchaser, or any one inclined to become a purchaser, of property upon those streets, could not have failed to have ascertained the particular lot intended by the notice.

We all think the notice was, notwithstanding the mistake in part of the description, certain to a common and reasonable extent, and that is sufficient.

Judgment affirmed, with costs.