CHARLOTTE H. GROFF, Appellant / ORMAN MOREHOUSE et al., Respondents.

Under the provisions of the statute providing for the foreclosure of a mortgage by advertisement, notice is only required to be served upon subsequent grantees and mortgagees "whose conveyance shall be upon record at the time of the first publication of the notice," but is required to be served upon "all persons having a lien by or under a judgment." (Chap. 346, Laws of 1844.) The lien of a judgment, therefore, perfected after the first publication of notice and before sale, is not cut off, nor is the right of redemption of the judgment creditor barred unless notice is served upon him as prescribed by the statute.

(Argued October 4, 1872; decided January term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district, affirming a judgment in favor of defendants entered upon the report of a referee.

This action was brought to redeem certain mortgaged premises from a sale and foreclosure under the mortgage.

On the 10th of December, 1855, one John Groff was the owner of the premises in question.

On that day he, with the plaintiff (his wife), executed and delivered to one Daniel Groff a mortgage upon said lands, to secure the payment of $1,800, and interest. On the 7th of January, 1856, Daniel Groff assigned the bond and mortgage to the defendant, William H. Shankland.

On the 10th of December, 1857, Shankland, as assignee of the mortgage, instituted proceedings for the foreclosure of the mortgage, by advertisement, under the provisions of the statute. The notice of sale was first published December 10, 1857. The time of sale as fixed by the notice was March 11, 1858.

The sale took place on the 11th of March, 1858, and th- property was purchased on the sale by said Shankland.

The mortgagors and all other parties having liens or claims upon the property by deed, mortgage or judgment, at the time of the first publication of notice of sale, were served with the notice, as required by the statute. After the com-

mencement of the proceedings to foreclose, and more than thirty days prior to the day of sale, four several judgments were obtained against John Groff (the mortgagor), which said judgments were duly entered and docketed.

The said four judgment creditors were not served with the notice of the sale.

One of said judgments, recovered in favor of the Burnet Bank on the 9th of February, 1858, for $335.55, was duly assigned to the plaintiff in this action, on the 31st of December, 1864, by virtue of which she, as owner, claimed to redeem the mortgaged premises.

No question was raised as to the regularity of the proceedings for foreclosure, except in respect to the service of notice upon said four creditors.

The referee decided that the sale was a bar of all claim or right to redeem the mortgaged premises, and that the plaintiff was entitled to no relief, and decided that the complaint be dismissed. The plaintiff in due form excepted.

*James Noxon* for the appellant. In a foreclosure by advertisement the lien of a judgment perfected after the first publication of notice and before sale is not cut off nor the creditor's right of redemption barred unless notice is served, as prescribed by the statute. (*Benedict* v. *Gilman*, 4 Paige, 58; 2 R. S., 2d ed., 431; Laws 1840, chap. 342, § 12, p. 290; Laws 1844, chap. 346, § 3, p. 529.)

*Mr. Sedgwick* for the respondents. The commencement of the proceedings was notice to all persons dealing subsequently to or becoming interested in the property. (1 J. Ch., 577; 1 Barb., 138; 1 Wend., 442; *Bishop of Winchester* v. *Payne*, 11 Ves., 194.) Personal notice of proceedings *in rem*, unless provided for by statute, is never required. (1 Cush., 29; 15 Conn., 245.)

Gray, C. By the laws in force at the time the proceedings to foreclose the mortgage in question were had, it was necessary, in order to render a foreclosure and sale by adver-

tisement under the power to sell contained in the mortgage equivalent to a foreclosure and sale under a decree of a court of equity, so far as to be a bar to all claim or equity of redemption of the mortgagor, his heirs and representatives, and all persons claiming under him or them by virtue of *any title subsequent* to such mortgage, that a copy of the notice of sale should be served at least fourteen days prior to the time therein specified for the sale upon the mortgagor or his personal representatives, and upon the subsequent grantees of the premises whose conveyance and mortgage *was upon record at the time of the first publication of the notice,* personally, or by leaving the same at their dwelling-house in charge of some person of suitable age, or by serving a copy of such notice upon such persons at least twenty-eight days prior to the time specified therein for the sale, by depositing the same in the post-office, properly folded and directed to such persons at their respective places of residence ; and in order to render such foreclosure and sale equivalent to a foreclosure and sale under a decree of a court of equity, so far as to bar the claim or equity of redemption of a person having a lien by judgment or decree upon the land *subsequent* to such mortgage, a like notice was required to be served and in like manner upon all persons having a lien by or under a judgment or decree upon the mortgaged premises *subsequent to such mortgage,* and the lien or claim of every person by or under such *subsequent judgment* or decree as had been served with such notice (and none others) was by the statute cut off from the right to redeem.   (3 R. S., 860, subdivision 3 of § 2, and § 8.)   Why the legislature discriminated between persons claiming by virtue of a title subsequent to the mortgage and concluded all such as had not their title upon record at the time of the first publication of the notice of sale, and made no distinction between persons having a lien or claim by or under a judgment or decree in that respect, we are not called upon to explain.   It is enough that the language of the statute is clear, and concludes only that class of persons claiming by or under such subsequent judgment or decree as have

been served with such notice of the sale as is required by law. The judgments owned by the plaintiff, and under which she seeks to redeem, were each recovered more than twenty-eight days prior to the time specified in the notice for the sale of the mortgaged premises. Neither of the plaintiffs in those judgments, or any one there having or claiming under either of them, were served with notice of the sale, and hence she is not barred of her equity of redemption. The judgment appealed from should, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.