LABARRE v. CITIZENS' NAT. BANK.†

(Circuit Court of Appeals, Fifth Circuit. January 30, 1912.)

No. 2,212.

**Bills and Notes (§ 534*)—Action Against Indorser—Attorney's Fees.**
Plaintiff brought suit against an indorser of a note secured by a mortgage which provided, in the event the note was not paid at maturity and foreclosure was resorted to, that the holder was entitled to collect attorney's fees to the amount of 10 per cent. on the amount involved. The indorser was no party to the mortgage, and no proceedings had been instituted to foreclose the same. *Held,* that a judgment in favor of plaintiff, in so far as it awarded attorney's fees, was erroneous.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1946; Dec. Dig. § 534.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied March 5, 1912.

Action by the Citizens' National Bank against Gustave J. Labarre. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

H. E. Upton, John R. Upton, and Edward N. Pugh (Pugh & Lemann, on the brief), for plaintiff in error.

R. E. Milling and I. R. Saal (Foster, Milling, Brian & Saal, on the brief), for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. This is an action at law to collect a promissory note. The note is secured by a mortgage which provides that, in the event the note is "not paid at maturity and foreclosure on same for want of payment is resorted to," the holder of the note is entitled to collect attorney's fees to the amount of 10 per cent. on the amount involved. Labarre, the plaintiff in error, was an indorser of the note, and was not a party to the mortgage. The right to collect attorney's fees does not appear to exist, inasmuch as the foreclosure of the mortgage "for want of payment" has not yet been resorted to. The trial court rendered judgment for the plaintiff for $2,407.50, and "an additional sum of 10 per cent. on said amount of principal and interest as attorney's fees."

The judgment of the Circuit Court is amended, by striking out the part thereof allowing attorney's fees. The defendant in error will be taxed with the costs in this court.

The judgment, as amended, is affirmed.