[No. 7094.]

WATKINS, RECEIVER, v. BOOTH ET AL.

1. FRAUD—*Evidence*—The holder of a promissory note secured by a trust deed of lands procures the public trustee to make sale of the lands, without notifying him of a change in the address of a junior encumbrancer, mentioned in the deed of trust. The omission is no evidence of fraud or conspiracy.

2 DEED OF TRUST—*Notice to Subsequent Encumbrancer*, at the address given in the deed of trust, is a compliance with the statute. (Rev. Stat. §6864.)

3. ——*Subsequent Encumbrancer—Duty*—It is the duty of a junior encumbrancer of land who has notice of a prior deed of trust to keep advised as to proceedings which may be had thereunder, for the foreclosure thereof.

*Error to the Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. R. A. GROSSMAN, for plaintiff in error.

Mr. HENRY J. HERSEY, for defendants in error.

MR. JUSTICE SCOTT delivered the opinion of the court.

In this case, the pleadings are agreed as to the following facts:

On the 15th day of May, 1900, Alfred Olson executed and delivered his trust deed to the public trustee of Arapahoe county to secure the payment of a promissory note in the sum of $1,000.00 payable to John C. Gallup and Company, and covering the premises involved in this action. Thereafter the Home Co-Operative Company, a Missouri Corporation, then having its offices at Kansas City, Missouri, and under a contract with Wm. W. Cain, purchased the premises for Cain for the sum of $2,000.00. The deed of conveyance was made directly to Cain who gave his notes in payment to The Home Co-Operative Company secured by a trust deed. The Gallup note and trust deed for $1,000.00 was assumed by the Co-Operative Company as a part of the purchase price. Cain was to pay the full purchase price of $2,000.00 to this company in small payments secured by his trust deed, and subject to the trust deed given to secure the Gallup loan. The Gallup note was afterward sold and transferred to Mrs. W. W. Booth, and later assigned by her to her husband, W. W. Booth, who ordered the foreclosure of the trust deed given to secure it.

The foreclosure sale under this trust deed was had April 23, 1906, and the premises purchased by W. W. Booth, the holder of the note, for the principal sum of $1,000.00 and accrued interest. February 7, 1907, the public trustee delivered to Booth his trustees deed in accordance with the certificate of sale, and the latter entered into possession of the premises.

In the meantime Wm. L. Watkins was appointed receiver of The Home Co-Operative Company by the United States Circuit Court for the Eastern District of Missouri. Watkins was afterward appointed as ancillary receiver of said company by the district court of Fremont county, Colorado, and as such receiver brings this suit, which was instituted January 22, 1907.

The complaint alleges in addition to the foregoing, a conspiracy between W. W. Booth and Cain to cheat and defraud the plaintiff of the company's equity in the premises, and in that connection charge in substance: That Mrs. W. W. Booth was the "bona fide owner and holder of the Olson note;" that defendants knew a receiver had been appointed for The Home Co-Operative Company; that they knew the address of the receiver; knew the address of The Home Co-Operative Company had been changed from Kansas City to St. Louis, Missouri, prior to and at the time of foreclosure and during the running of the statutory time of redemption; that the receiver, prior to and at the time of beginning of the foreclosure proceedings, was in correspondence with defendant Cain and attorney for both Cain and W. W. Booth, trying to ascertain the holder of the said Olson note, to arrange a settlement of their business, and to ·pay the said note, and was refused any and all information regarding the matter; that said defendants purposely gave the public trustee the wrong address of The Home Co-Operative Company, and purposely withheld the fact that a receiver had been appointed, from said public trustee.

The prayer of the complaint was for a cancellation of the proceedings had on and after the sale, or in the alternative, a recovery of the value of the equity in the property. The pleadings were verified.

Upon motion the court rendered judgment for the defendants on the pleadings.

The note held by Booth and the trust deed to secure it being admittedly valid, and it clearly appearing that the rights of the Co-Operative Company were those of subsequent encumbrancer only, and also that as such encumbrancer it made no application to redeem within six months from the day of sale as provided by statute, there would seem to be only the question of the suffi-

ciency of the notice of sale upon the part of the public trustee.

The regularity of the sale is not denied.

It is alleged that the address of the company had been changed from Kansas City to St. Louis, Missouri, and that both Cain and Booth knew this, and did not bring this fact to the knowledge of the public trustee, who knew nothing as to such change. The fact that both of these knew of the change of address and of the receivership, and that neither so advised the public trustee, does. not constitute either fraud or conspiracy.

The proper notice was mailed by the public trustee to the company at Kansas City, Missouri, the address given in the trust deed to secure its claim. The sole requirement of the statute in this respect is: "The trustee shall mail a copy of the printed notice of sale so soon as the same shall be printed, to the grantor and all subsequent encumbrancers, at the address given in the trust deed without extra charge."

The advertisement having been properly made, there was a full compliance with the law.

The Co-Operative Company knew of the Gallup note and trust deed. In fact, the trust deed given to secure its claim was made subject to it. It therefore knew of the time of maturity of the former. Watkins, the receiver, was the president of the company when the Cain notes and trust deed were executed. It was the duty of the company and the receiver to keep advised as to proceedings in case of the former trust deed. At least either Watkins, as president of the company, or as receiver, could have advised the public trustee as to the change of residence and appointment of a receiver. The case appears as one of neglect on the part of the plaintiff rather than fraud on the part of the defendants.

The judgment is affirmed.

*En banc.*