## SCOTT v. PAISLEY ET AL.

### ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 253.    Argued April 19, 20, 1926.—Decided June 7, 1926.

1. Under § 6037 of the Georgia Code, 1910, the holder of a debt and of the legal title of land conveyed to him as security by the debtor, may, upon default in payment, reduce the debt to judgment, place of record a quitclaim reinvesting the debtor with the legal title to the land, and thereupon have the land levied on and sold in satisfaction of the judgment, free from the claims of persons who purchased the land from the debtor subject to the security deed.  P. 634.
2. *Held*, that there is no principle entitling such purchasers to notice of the exercise of this statutory power by the creditor, and that in failing to provide such notice the statute does not deprive them of property without due process of law or deny them the equal protection of the laws.  P. 635.

158 Ga. 876, affirmed.

ERROR to a judgment of the Supreme Court of Georgia, which affirmed a judgment dismissing the petition in a suit by Dorothy Scott, purchaser of land subject to a security deed, to set aside a sale made thereunder, and to redeem the legal title by payment of the debt.

*Mr. Paul Donehoo,* with whom *Messrs. Hooper Alexander* and *N. T. Anderson, Jr.,* were on the brief, for plaintiff in error.

*Mr. Walter McElreath* for defendants in error.

Mr. Justice Sanford delivered the opinion of the Court.

This case involves a single question relating to the constitutional validity of § 6037 of the Georgia Code of 1910. This section, which is set forth in the margin,[1] provides, in substance, that, in cases where a deed has been executed conveying the legal title to land as security for the payment of a debt [2]—known in Georgia as a " security deed "—and the holder of the debt, upon default in payment, has reduced it to judgment, and the holder of the legal title to the land makes and places of record a quitclaim conveyance to the debtor, reinvesting him with the legal title to the land, it may thereupon be levied upon and sold in satisfaction of the judgment.

This suit was brought by Dorothy Scott in a Superior Court of Georgia. The case made by her petition was, in substance, this: In 1919 she purchased a tract of land, subject to a security deed which the previous owner had executed to secure a note for borrowed money. Thereafter, the note not being paid at maturity, the holder, the grantee in the security deed, brought suit, without notice to her, against the grantor in the security deed, and, after recovering judgment on the note, executed and placed of record a quitclaim deed to the defendant; whereupon the sheriff levied an execution on the land, and, after due advertisement, sold it at public sale in satisfaction of the

---

[1] " § 6037. In cases where . . . a deed to secure a debt has been executed, and the . . . secured debt has been reduced to judgment by the . . . holder of said debt, the holder of the legal title . . . shall, without order of any court, make and execute to said defendant in fi.fa. . . . a quitclaim conveyance to such . . . property, and file and have the same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of said defendant, and the proceeds shall be applied to the payment of such judgment. . . ."

[2] See § 3306.

judgment. The petitioner, while not claiming that there was any defense to the note or any irregularity or *mala fides* in the proceeding, alleged that the sale was void as against her on the ground that § 6037 of the Code, as applied to a case where the grantor in a security deed conveys his interest in the land to a third person before a suit is brought to reduce the secured debt to judgment, is in conflict with the due process and equal protection clauses of the Fourteenth Amendment, in that it provides that the person thus acquiring the interest of the grantor, may be divested thereof through a proceeding to which he is not a party, without notice or opportunity to be heard and make defense. The petitioner prayed that the sale be held null and void as against her, and that she be declared the equitable owner of the land, with the right to redeem the legal title by payment of the note.

The petition was dismissed by the Superior Court, on demurrer; and this judgment was affirmed by the Supreme Court of the State, *per curiam*. 158 Ga. 876. The case is here on a writ of error under § 237 of the Judicial Code.

The case is in a narrow compass. That, under the Georgia decisions, a sale made under a prior security deed in conformity to the provisions of § 6037, divests a purchaser from the grantor of all rights in the land is conceded. The contention that this section is unconstitutional, as applied to such a purchaser, rests, in its last analysis, upon the claim that he is entitled, as a matter of right, in accordance with settled usage and established principles of law, to notice of a proceeding to sell the land under the prior security deed and opportunity to make defense therein. We cannot sustain this contention.

Here the holder of the secured debt was also the holder of the legal title to the property by which it was secured. In such case at least, § 6037 authorizes the holder of the secured debt, by following the procedure outlined by the

statute, to bring the property to sale in satisfaction of the debt. Its effect is no more than if it conferred upon the holder of the secured debt a statutory power of sale, which may be treated as equivalent, in so far as the constitutional question is concerned, to an express power of sale in a mortgage or trust deed.

Plainly the right of one who purchases property subject to a security deed, with a statutory power of sale which must be read into the deed, is no greater than that of one who purchases property subject to a mortgage or trust deed, with a contractual power of sale. The validity of such a contractual power of sale is unquestionable. In *Bell Mining Co.* v. *Butte Bank,* 156 U. S. 470, 477, this court said: " There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as trust deeds in the nature of mortgages, which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it, and if the sale is conducted in accordance with the terms of the power, the title to the premises granted by way of security passes to the purchaser upon its consummation by a conveyance." In the absence of a specific provision to that effect, the holder of a mortgage or trust deed with power of sale, is not required to give notice of the exercise of the power to a subsequent purchaser or incumbrancer; and the validity of the sale is not affected by the fact that such notice is not given. *McIver* v. *Smith,* 118 N. C. 73, 75; *Atkinson* v. *College,* 54 W. Va. 32, 49; *Grove* v. *Loan, Co.,* 17 N. Dak. 352, 358; *Hardwicke* v. *Hamilton,* 121 Mo. 465, 473; *Ostrander* v. *Hart,* (N. Y.) 30 N. E. 504. And see *Watkins* v. *Booth,* 55 Colo. 91, 94; and *Groff* v. *Morehouse,* 51 N. Y. 503, 505. In *Hardwicke* v. *Hamilton, supra,* 473, the court said that " the law imposes no duty upon a person holding a prior mortgage or deed of trust to notify one holding a similar

subsequent or junior lien or incumbrance upon the same property of his intention to sell the property under his mortgage or deed of trust. All that is required of him is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." And in *Watkins* v. *Booth, supra,* 94, the court said that it was the duty of the subsequent lienor "to keep advised as to proceedings in case of the former trust deed."

So, a purchaser of land on which there is a prior security deed acquires his interest in the property subject to the right of the holder of the secured debt to exercise the statutory power of sale. There is no established principle of law which entitles such a purchaser to notice of the exercise of this power. And § 6037 neither deprives him of property without due process of law nor denies him the equal protection of the laws.

The judgment is

*Affirmed.*