## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
### *v.* ROSS, receiver.

The court erred in overruling the general demurrer to the petition of the receiver, which sought to enjoin the levy and sale of a tract of land in which the estate represented by the receiver had an equitable interest. The petition for injunction fails to disclose any reason why equity should intervene to restrain the judgment creditor from proceeding to enforce a contract to which neither the receiver nor the estate represented by him is a party, other than the preservation and enhancement of a probable equity in the estate represented by the receiver, and this equity arose from an independent contract subsequent to that upon which the judgment is sought to be enforced.

No. 5107.   SEPTEMBER 15, 1926.

Equitable petition. Before Judge Stark. Barrow superior court. August 26, 1925.

*Jule Felton* and *Jule W. Felton,* for plaintiff in error.

*G. A. Johns* and *R. H. Kimball,* contra.

RUSSELL, C. J.  An equitable petition was filed in the superior court of Barrow County against the administrators of G. W. Smith, deceased, praying that they be removed, and that receivers be appointed to supersede them. The administrators were removed, and the defendant in error became sole receiver. The present plaintiff in error, the John Hancock Mutual Life Insurance Company, was not a party to the original petition. Later the insurance company and other parties were brought into court by ancillary equitable petition by way of amendment. The plaintiff in error, with other named parties, filed both general and special demurrers, which were overruled. The insurance company alone excepted. In the bill of exceptions error is assigned upon the judgment overruling its general and special demurrers, as well as the judgment requiring the plaintiff in error to intervene in the receivership proceedings.

In the view which we take of this case it is not necessary to

---

Judgments, 34 C. J. p. 439, n. 71 New.

decide whether the court erred in requiring the plaintiff in error
to intervene. It appears in the record, without dispute, that G.
W. Smith and J. H. Hill bought a tract of land in Macon County,
Georgia, containing over .2000 acres, from L. B. Hamilton, upon
which there was paid to Hamilton a large portion of the purchase-
price. At the time of this purchase by Smith and Hill the land
was encumbered by a loan deed originally securing a loan of $20,-
000 advanced by the John Hancock Mutual Life Insurance Com-
pany to Hamilton. Smith and Hill assumed the payment of this
liability. An extension of time of payment was granted by the
lender, with the proviso that the latter might proceed, in case of
default, independently of either Hamilton, the original borrower,
or Smith and Hill, at its option. Prior to the filing of the ancil-
lary petition, the plaintiff in error had sued L. B. Hamilton (the
maker of the security deed which was outstanding at the time of
the purchase by Smith and Hill) in the city court of Montezuma,
and had obtained a judgment for $17,000, with a special lien upon
the 2024 acres of land above referred to. The petition asked that
the plaintiff in error be enjoined from proceeding to levy or sell
this tract of land, because it could be sold to better advantage by
the receiver, so as to thus preserve the equity which had originally
been the property of Smith and Hill, and which equity had later
become the undivided property of the estate of G. W. Smith,
deceased. It appears from the evidence that the estate of G. W.
Smith, deceased, is insolvent, but that the tract of land has been
worth as much as $100,000; that G. W. Smith paid many thou-
sand dollars upon the purchase-price, and that his equity over
and above the debt of $17,000 should be preserved for the benefit
of other creditors. In this summary we are conceding, as argued
in behalf of the defendant in error, that whatever interest John H.
Hill may have had in the equity has been properly transferred to
the estate of G. W. Smith, deceased, and is therefore within the
control of the receiver. So the question presented for determina-
tion is whether one who holds title to a tract of land to secure a
pre-existing debt and who has reduced that debt to judgment can
be delayed or prevented from collecting his debt, in the absence of
any showing that the judgment was obtained by deception or fraud
or is for any reason defective, merely because it may be to the
advantage of another who derives his rights from the judgment

debtor with knowledge of the outstanding lien and subject thereto. It may be granted that in many instances substantial benefits might be preserved by delay. However, we have been cited to no authority which would seem to authorize that the processes of the law shall be stopped by the hand of equity under the circumstances of the present case. In our opinion there is no equity in the petition so far as the same relates to the plaintiff in error, and the general demurrer should have been sustained.

*Judgment reversed. All the Justices concur.*