## SECURITY MORTGAGE CO. v. POWERS.

### In re FLORIDA FURNITURE CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
October 25, 1927.

No. 5012.

Bankruptcy ⬤�top316(2)—Foreclosure of mortgage on default after bankruptcy held unnecessary, and mortgagee not entitled to attorney's fee therefor.

Mortgagee *held* not entitled to allowance of attorney's fee provided by the mortgage in case of foreclosure, and allowed by a state court in a foreclosure suit unnecessarily brought, on default after bankruptcy, and after the property had passed into possession of bankruptcy court.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the Florida Furniture Corporation, bankrupt; Charles A. Powers, trustee. The Security Mortgage Company appeals from an order disallowing its claim for attorney's fees as mortgagee of property of bankrupt. Affirmed.

W. D. Thomson and Asa W. Candler, both of Atlanta, Ga. (Candler, Thomson & Hirsch, of Atlanta, Ga., on the brief), for appellant.

Walter S. Dillon and Clarence H. Calhoun, both of Atlanta, Ga. (Dillon, Calhoun & Dillon, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts, which are stipulated, are these: The Florida Furniture Corporation was adjudicated bankrupt on January 7, 1926, and surrendered certain real estate purchased from the Hanson Motor Company, prior thereto, which property was burdened with a mortgage of $90,000 held by appellant. The deed of trust contained a provision for 10 per cent. attorney's fees in the event of foreclosure. At the time of adjudication in bankruptcy there was nothing due on the mortgage either in principal or interest, but on February 24, 1926, an interest coupon fell due, which was not paid. Pursuant to a clause in the mortgage, appellant declared the entire debt due on April 1, 1926, gave notice of intention to sue, and brought suit in the city court of Atlanta against the Hanson Motor Company to foreclose the mortgage. Judgment was rendered by that court May 4, 1926, for principal and interest due and attorney's fees in the sum of $9,442.40, and execution was ordered to issue against the property. The property then was and had been in the actual custody of the bankrupt court, through the trustee or a receiver, from the date of adjudication. Thereafter, on application of the trustee, appellee herein, the property was sold in the bankruptcy proceedings on June 12, 1926, free of liens, without objection, and was bought in by appellant for $112,500. Appellant then filed its claim for payment by preference out of the proceeds for the amount due under the mortgage, principal and interest, and attorney's fees. The trustee objected to the allowance of the attorney's fees, but the referee ruled against him, which ruling was subsequently reversed by the District Court. The only question presented on this appeal is as to the correctness of the order disallowing the attorney's fees.

Appellant relies upon the provision of the Georgia Code (paragraph 6037) permitting transfers of real estate burdened by a mortgage and deed of trust to be disregarded by the mortgage creditor, and allowing suit to be brought against the original debtor, and cites John Hancock Mut. Life Ins. Co. v.

Ross, Receiver, 162 Ga. 654, 134 S. E. 762, and Scott v. Paisley, 271 U. S. 632, 46 S. Ct. 591, 70 L. Ed. 1123. We conclude that this is beside the issue. The attorney's fees claimed were not a fixed liability at the time of bankruptcy, and became a lien on the property, if at all, merely by virtue of the judgment of the state court. There is no doubt that the property passed into the custody of the District Court sitting in bankruptcy with the adjudication, and no other court had jurisdiction to impress it with a lien not then in existence. Murphy v. John Hofman Co., 211 U. S. 586, 29 S. Ct. 154, 53 L. Ed. 327; in re Joseph Webre (C. C. A.) 219 F. 417; In re John T. Moore Planting Co. (C. C. A.) 237 F. 737.

As the rights of appellant could have been amply protected in the District Court, there was no occasion for the foreclosure. We have repeatedly held that, under similar conditions, a claim for attorney's fees is not allowable against the fund arising from the sale of mortgaged property in the hands of the trustee. In re Roche (C. C. A.) 101 F. 956; Labarre v. Citizens' Bank (C. C. A.) 193 F. 648; British & American Mortgage Co. v. Stuart (C. C. A.) 210 F. 425. We find no error in the record.

Affirmed.