The ADMIRAL COMPANY, Incorporated, Plaintiff,

v.

Ernest A. THOMAS, Regina S. Thomas, Samuel Scrivener, Jr. (Trustee), Junior F. Crowell (Trustee), Elsie L. Leishear, Perpetual Building Association, Defendants.

No. 4557-56.

United States District Court
District of Columbia,
Civil Division.

July 17, 1958.

Milton M. Burke, Washington, D. C., for plaintiff.

David S. Scrivener, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiff, holder of a second deed of trust, seeks to set aside trustee's sale, or in the alternative, recover $3,405, the unpaid balance of its note. The facts from which the cause of action arises are these:

Plaintiff, Admiral Company, Inc., bought from Washington Mortgage and Investment Co., in April, 1953, a second deed of trust on the property 4212 Livingston Road, S. E. It never notified Perpetual Building Association, the holder of the first deed of trust on the property, of its purchase. At that time, and until the second day of the trial of this case, Admiral was not registered as a corporation in the District of Columbia.

Payments fell five months behind, both on the first and second deeds of trust. Despite this development, Admiral took no action to protect its interest on the mortaged property. Perpetual Building Association, however, contacted the trustees on the note, who were also officers of the Association, and it was agreed to foreclose the first deed of trust on the property. An advertisement was placed in the newspaper listing the address of the property to be foreclosed, the fact that it was a brick dwelling, and describing the lot in words identical to those in the trust deed. It is conceded by Admiral that from a reading of this advertisement it could have been aware of the foreclosure proceedings and attended the sale.

Mr. Thomas, an officer of Perpetual, and an unidentified bidder were the only

potential buyers present at the auction. Mr. Crowell, one of the two trustees on the note, two chauffeurs and the auctioneer were also at the sale. Mr. Thomas made the opening bid of $7,600, the amount of the balance due Perpetual on the note. This, it was testified, was in accordance with Perpetual's practice to bid in the unpaid balance to protect its interest in the property. There was no other bidding. The auctioneer then asked in whose name Mr. Thomas was taking title, to which Thomas replied he would let him know tomorrow. The auctioneer then asked whether Mr. Crowell would waive the $500 deposit which was required, according to the advertised terms of the sale. Mr. Crowell answered that he would.

Mr. Thomas then decided that this property could prove profitable and contacted Perpetual to take title in his own behalf. Perpetual, interested solely in getting the balance due on its note, agreed. Thomas then made arrangements to take title in the name of a straw party, a practice which appears common in the real estate business, and this was done. Title was then taken in the name of Elsie Leishear, a woman who was never at the sale and has never taken any interest in the terms of the sale or the property involved.

Plaintiff relies upon three contentions in support of its position that the foreclosure should be set aside:

(1) There was a defect in the advertisement.

(2) That the trustees under the trust deed, being officers of the savings and loan association, were not proper trustees and could not be fair and objective in their approach.

(3) There was not a valid public sale because of the failure to deposit $500, the excessively low price paid for the property, and the necessity on the part of Thomas to bid a higher price than Perpetual if he intended to take the property on his own behalf.

■ (1) With reference to the advertisement, plaintiff agrees this is one of its weakest contentions and does not advance any statutory case law in support of its position that the advertisement is defective. It states it would have been better if it had been mentioned in the ad that it was a semi-detached dwelling. The Court finds no basis, whatever, for the contention that the advertisement is defective.[1]

■ (2) The authorities seem to hold that there is no bar to an officer of a corporation acting as trustee, provided there is no fraud or over-reaching.[2] Plaintiff's cause of action is not based upon fraud or over-reaching and the Court finds nothing in the evidence to sustain such a challenge. Moreover, it is a common practice among the insurance companies and savings and loan associations to have the officers act as trustees in trust deeds. Until it is declared by statute or court decision that such is prohibited, absent any fraud or over-reaching, the Court cannot find the

1. Scott v. Paisley, 271 U.S. 632, 46 S.Ct. 591, 592, 70 L.Ed. 1123: "All that is required * * * is to advertise and sell the property according to the terms of the instrument." Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp., 10 Cir., 1949, 172 F.2d 416, 422: "The notice should contain such a description of the property as will enable intending purchasers in the exercise of ordinary diligence to identify it, but a minute description extending into details is not essential to a valid sale. It is sufficient if the information given in the notice enables the public to understand what property is being offered for sale and to identify it if more particular information is desired. Newman v. Jackson, 12 Wheat. 570, 6 L.Ed. 732. And generally a notice of sale is not open to tenable objection in respect to the description of the property to be sold if it describes the property in strict conformity with the description contained in the mortgage, or judgment, as the case may be. Bell Silver & Copper Mining Co. v. First National Bank of Butte, 156 U.S. 470, 15 S.Ct. 440, 39 L.Ed. 497."

2. Realty Investment & Securities Corp. v. H. L. Rust Co., 1939, 71 App.D.C. 213, 109 F.2d 456.

 

mere fact that the officer of Perpetual Building Association, the lender, was trustee in the trust deed, made the foreclosure defective in any way.

■ (3) It appears that the auctioneer waived the payment of the $500 deposit and this is common practice where there is reliability in the bidder. No authority has been advanced to indicate that this makes the sale illegal.

■ It appears, also, that Perpetual bid in at the sale for the amount owing it under its first deed of trust and that there was not such a substantial variance between this bid and what appears to be the agreed value of the property (between $12,000 and $12,800) so as to create any defectiveness in the sale.[3] The mere fact that Thomas, an officer of Perpetual, purchased the property at foreclosure through a straw party would not, in the Court's opinion, make the sale defective, absent any fraud and over-reaching.

■ By this holding the Court is not approving the practice of an officer of defendant, associated so closely with another officer of defendant who is a trustee under the trust deed, to bid in the property in his own name for a profit.

Plaintiff did not try this case on the theory of fraud or over-reaching and the evidence does not sustain such a finding. Plaintiff relies, rather, upon the theory that there was not actually a sale, due to certain claimed irregularities aforementioned.

However, plaintiff was not in any way prejudiced by the waiver of the deposit or the fact that the property was bid in by an officer of defendant for his own use and profit.

Through plaintiff's own fault in failing to notify defendant that it had purchased a second deed of trust; in failing to record it; in failing to keep advised as to whether the first deed of trust was getting in default, particularly when there were five monthly payments in arrears in the second deed of trust— all these factors prevented plaintiff from protecting its own rights and being present at the foreclosure.

Be that as it may, the Court is of the opinion that it is not good policy for defendant, one of whose officers is a trustee under its deed of trust, to permit another officer to bid in the property at the sale in his own name and for his own individual profit.

Though the Court is unable to find that the sale was illegal, or that plaintiff was prejudiced in any way because of this procedure, the Court feels this practice should be discontinued so that no contention may be made that there is not complete objectivity on the part of the trustee. Counsel will present appropriate order.

---

3. Jackson v. Fuller, 1936, 66 App.D.C. 239, 85 F.2d 816 (Sale of property for less than ½ of market value held not shockingly inadequate to make sale defective.)