ST. REGIS OF ONSLOW COUNTY, NORTH CAROLINA OWNERS ASSOCIATION, INC., Plaintiff v. WILLIAM C. JOHNSON, Defendant

No. COA07-1295

(Filed 5 August 2008)

**1. Judicial Sales— defendant not within county—notice not required**

Defendant was not entitled to receive personal notice of the impending execution sale of a condominium on the North Carolina coast because he was not located in Onslow county, there was no evidence that he had an agent in North Carolina, and the Sheriff complied with the statutory requirement that notice be sent by registered mail.

**2. Judicial Sales— judgment docketed—ownership transferred before sale—no personal notice—no due process violation**

A New Jersey family trust which received ownership of a condominium on the North Carolina coast after a judgment but before the execution sale was not entitled to personal notice, nor were its due process rights affected. The judgment had been docketed and the trust had record notice of the judgment lien.

**3. Judicial Sales— notice via registered letter—additional steps impractical**

The notice of an impending execution sale complied with due process requirements where the Sheriff provided notice via registered letter and did not become aware that the normal procedures for providing notice were ineffective until after the sale had been finalized. It was not practicable for the Sheriff, without knowledge of the non-receipt, to take additional reasonable steps to notify defendant of the impending sale of the property.

Appeal by Defendant from order entered 2 May 2007 by Judge Jack W. Jenkins in Onslow County Superior Court. Heard in the Court of Appeals 19 March 2008.

*Edwin L. West, III, for Defendant-Appellant.*

*Ward and Smith, P.A., by J. Michael Fields and John P. Crolle, for Plaintiff-Appellee.*

STEPHENS, Judge.

This case concerns the adequacy of the means employed by the Sheriff of Onslow County to provide notice to Defendant William C. Johnson of the pending execution sale of his condominium unit.

## I. FACTS

Defendant was the owner of condominium unit 2107 located in the St. Regis condominium complex in Onslow County, North Carolina. Plaintiff St. Regis of Onslow County, North Carolina Owners Association, Inc., filed a Claim of Lien against Defendant to enforce assessments due and owed to Plaintiff for homeowner's dues for the condominium unit. Plaintiff subsequently filed a complaint against Defendant on 25 March 1999 to recover the delinquent assessments.

On 6 March 2000, judgment was entered against Defendant upon Plaintiff's motion for summary judgment. By this order and judgment, Plaintiff was entitled to recover from Defendant $10,063.66, plus court costs, attorney's fees of $551.54, and interest at a rate of eight percent per annum from the date of the filing of the complaint. Plaintiff was also allowed to foreclose its lien on the property and to sell the property to satisfy Defendant's debt to Plaintiff. Also on 6 March 2000, the judgment lien was docketed in Onslow County in Judgment Docket Book 87 on page 236.

On 4 April 2003, approximately three years after the entry of judgment, Defendant deeded the subject real property to the Johnson Family Trust ("Trust"). The deed on its face requested that the Register of Deeds mail the recorded deed to Defendant at 39 Pitney Lane, Jackson, New Jersey 08527.

On 5 January 2006, the Onslow County Clerk of Superior Court ("Clerk") issued a Writ of Execution to the Sheriff of Onslow County ("Sheriff"). On 30 January 2006, the Sheriff mailed, via registered mail, a letter and a Notice of Sale of Real Property Under an Execution ("Notice") to Defendant at 39 Pitney Lane, Jackson, New Jersey 08527. The letter stated: "Under and by virtue of a Judgment rendered against Defendant in the referenced action, an execution was issued by the Court on the 5[th] day of January, 2006, and directed to the Sheriff of Onslow County." The Notice further provided: "The sale will be held on the 6[th] day of March, 2006, at 11:30 o'clock a.m., at the Onslow County Courthouse."

On 27 January 2006, the Sheriff posted the Notice at the Onslow County Courthouse in the area designated by the Clerk for the posting of notices. On 3 February, and again on 9 February 2006, the United States Postal Service notified Defendant of the Sheriff's registered mail envelope, but Defendant did not claim the envelope. On 20 February and 1 March 2006, the Sheriff published the Notice in the *Jacksonville Daily News*.

On 6 March 2006, the Sheriff conducted the execution sale. Floyd B. McKissick, Jr., the President of the Plaintiff owners association, submitted the winning bid of $87,000. On 10 March 2006, Mr. McKissick paid the purchase price, and on 31 March 2006, a Sheriff's Deed conveying the property to Mr. McKissick was recorded. On 27 April 2006, the registered mail envelope containing the letter and Notice was returned to the Sheriff marked "unclaimed."

On 5 March 2007, Defendant, along with the Trust, trustees Karen Gillen and William M. Johnson, and trust beneficiaries William Charles Johnson, Jr., Christopher Michael Johnson, and Stacy Lynn Johnson (collectively "Movants") filed a Motion to Set Aside Execution Sale, Order Confirming Execution Sale, and the Sheriff's· Deed Issued to the Execution Sale Purchaser pursuant to North Carolina Civil Procedure Rule 60. On 16 April 2007, Movants filed an Amended Motion.

On 23 April 2007, a hearing was conducted on the motion, and an order denying the motion was entered on 2 May 2007. From this order, Defendant, joined by the Rule 60 Movants, appeals.

## II. DISCUSSION

By Defendant's nine assignments of error, he argues the trial court erred in denying his motion for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) because the notice of the execution sale provided by the Sheriff did not meet due process requirements.

Under Rule 60(b), the trial court may "relieve a party or his legal representative from a final judgment, order, or proceeding" for the reasons specified in Rule 60(b)(1)-(5). N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Rule 60(b)(6) permits the trial court to grant relief for any other reason "justifying relief from the operation of the judgment." *Id.* This provision "authorizes the trial judge to exercise his discretion in granting or withholding the relief sought." *Kennedy v. Starr*, 62 N.C. App. 182, 186, 302 S.E.2d 497, 499-500, *disc. review denied*, 309 N.C. 321, 307 S.E.2d 164 (1983).

On appeal, this Court's review of a trial court's Rule 60(b) ruling "is limited to determining whether the trial court abused its discretion." *Vaughn v. Vaughn*, 99 N.C. App. 574, 575, 393 S.E.2d 567, 568, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). An abuse of discretion is shown only when the court's decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. McDonald*, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (citation omitted).

The Due Process Clause of the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and Article 1, section 19, of the North Carolina Constitution, prohibit the government from depriving any person of his or her property without due process of law. Due process does not require that a property owner receive actual notice before the gov-

ernment may take his property. *Dusenbery v. United States*, 534 U.S. 161, 151 L. Ed. 2d 597 (2002). Rather, due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *McLean v. McLean*, 233 N.C. 139, 143, 63 S.E.2d 138, 146 (1951) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950)). "Whether a party has adequate notice is a question of law." *Trivette v. Trivette*, 162 N.C. App. 55, 58, 590 S.E.2d 298, 302 (2004).

**[1]** Defendant first argues that Movants were entitled to receive "personal notice" of the impending sale of the property. Specifically, Defendant argues that the language of N.C. Gen. Stat. § 1-339.54 makes it clear that Defendant, as the judgment debtor, was entitled to personal notice of the sale of the condominium unit. We disagree.

Pursuant to N.C. Gen. Stat. § 1-339.54, the sheriff must comply with the following procedure for notifying a judgment debtor of the sale of real property:

> [T]he sheriff shall, at least ten days before the sale of real property,
>
> (1) If the judgment debtor is found in the county, serve a copy of the notice of sale on him personally, or
>
> (2) If the judgment debtor is not found in the county,
>
>> a. Send a copy of the notice of sale by registered mail to the judgment debtor at his last address known to the sheriff, and
>>
>> b. Serve a copy of the notice of sale on the judgment debtor's agent, if there is in the county a person known to the sheriff to be an agent who has custody or management of, or who exercises control over, any property in the county belonging to the judgment debtor.

N.C. Gen. Stat. § 1-339.54 (2005). Additionally, the sheriff must comply with the following procedure for posting and publishing notice of an execution sale of real property:

> (a) The notice of sale of real property shall:
>
>> (1) Be posted, in the area designated by the clerk of superior court for the posting of notices in the county in which the

property is situated, for at least 20 days immediately preceding the sale; and

(2) Be published once a week for at least two successive weeks:

    a. In a newspaper qualified for legal advertising published in the county; or

    b. If no newspaper qualified for legal advertising is published in the county, in a newspaper having general circulation in the county.

(b) When the notice of sale is published in a newspaper:

(1) The period from the date of the first publication to the date of the last publication, both dates inclusive, shall not be less than seven days, including Sundays; and

(2) The date of the last publication shall be not more than 10 days preceding the date of the sale.

N.C. Gen. Stat. § 1-339.52 (2005).

As Defendant was not located in Onslow County, he was not entitled to have a copy of the Notice served on him personally pursuant to N.C. Gen. Stat. § 1-339.54(1). Furthermore, there was no evidence that Defendant had an agent in Onslow County upon whom the Sheriff was required to personally serve a copy of the Notice pursuant to N.C. Gen. Stat. § 1-339.54(2)b. Accordingly, here, at least ten days before the sale of the property, the Sheriff was required to "[s]end a copy of the [N]otice [] by registered mail to [Defendant] at his last address known to the [S]heriff[.]" N.C. Gen. Stat. § 1-339.54(2)a. The Sheriff complied with this mandate by sending the Notice via registered mail on 30 January 2006, more than 30 days prior to the sale of the property on 6 March 2006, to 39 Pitney Lane, Jackson, New Jersey 08527, Defendant's last address known to the Sheriff.

[2] Defendant also alleges that the Trust, as the owner of the unit at the time of the sale, and the Trust beneficiaries, as parties with legally protected interests, were entitled to receive personal notice of the impending execution sale. Again, we disagree.

In *Scott v. Paisley*, 271 U.S. 632, 70 L. Ed. 1123 (1926), the plaintiff purchased a tract of land that was subject to a prior-recorded security deed executed by the previous owner. After the plaintiff pur-

chased the land, the previous owner defaulted on the note secured by the property. Without notice to the plaintiff, the creditor brought suit against the former owner of the land. Judgment was entered in the creditor's favor and the sheriff subsequently executed on the land. After the required advertisement of the sale, the property was sold at public sale in satisfaction of the judgment. The plaintiff brought suit to set aside the sale because she was not provided with notice of the sale. In concluding that the validity of the sale was not affected, nor were the plaintiff's due process rights violated, by the fact that notice of the sale was not given to the plaintiff, the United States Supreme Court stated:

> A purchaser of land on which there is a prior security deed acquires his interest in the property subject to the right of the holder of the secured debt to exercise the statutory power of sale. There is no established principle of law which entitles such a purchaser to notice of the exercise of this power.

*Id.* at 636, 70 L. Ed. at 1125.

Here, the Warranty Deed transferring the condominium unit from Defendant to the Trust erroneously asserted that the property was "free and clear of all encumbrances[.]" In fact, the property was encumbered by a judgment lien which allowed Plaintiff to foreclose its lien and exercise its power of sale to satisfy Defendant's debt. As in *Scott*, the Trust and the beneficiaries acquired their interests in the property subject to the right of Plaintiff to exercise its statutory power of sale. Furthermore, docketing a judgment puts third parties on notice of the existence of a judgment, and transferees are bound to look into the proper dockets to examine for judgment liens. *Jones v. Currie*, 190 N.C. 260, 129 S.E. 605 (1925). While in *Scott* no judgment was docketed and the defendant's power of sale did not arise until after the plaintiff had purchased the property, here, the judgment had been docketed on 6 May 2000 in Onslow County in Judgment Docket Book 87 on page 236. Thus, unlike the plaintiff in *Scott* who had no record notice of the defendant's power of sale, here the Trust had record notice of the judgment lien allowing Plaintiff to exercise its power of sale to satisfy Defendant's debt. Accordingly, as in *Scott*, the Trust and the beneficiaries were not entitled to personal notice of the execution sale and the validity of the sale of the condominium was not affected, nor were Movants' due process rights violated, by the fact that such notice was not given to the Trust or the beneficiaries.

**ST. REGIS OF ONSLOW CTY. v. JOHNSON**

[191 N.C. App. 516 (2008)]

**[3]** Defendant next argues that N.C. Gen. Stat. § 1-339.54 "run[s] afoul" of due process requirements in that, under the circumstances, the Sheriff was obligated to take "further reasonable steps" to notify Defendant of the impending property sale.

As stated above, individuals whose property interests are at stake are entitled to "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action." *Mullane*, 339 U.S. at 314, 94 L. Ed. at 873. Whether a particular method of notice is reasonable depends on the particular circumstances and "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 94 L. Ed. at 874.

Thus, the issue is whether the notice in this case was "reasonably calculated under all the circumstances" to apprise Defendant of the pendency of the execution sale. The Sheriff sent registered mail addressed to Defendant at Defendant's last known and actual address. Additionally, the Sheriff posted the Notice at the Onslow County Courthouse in the area designated by the Clerk for the posting of notices, and published the Notice in the *Jacksonville Daily News* on two occasions.

Although Defendant contends that "the attempt at providing notice solely by means of one attempt at sending notice via registered mail was constitutionally inadequate to accord with due process requirements under the law[,]" use of the postal service to send a letter to a party is well-recognized as an adequate means of effecting notice upon known addressees when notice by publication has been found to be insufficient.[1] *Dusenbery*, 534 U.S. 161, 151 L. Ed. 2d 597. Defendant further claims that "*Jones v. Flowers* [] makes it clear that, if nothing else, one charged with providing notice as to the impending loss of another's property must send one last notice, via regular United States mail, if the provider cannot figure out a better way of

---

1. *E.g., Mullane*, 339 U.S. at 319, 94 L. Ed. at 876 ("[T]he mails today are recognized as an efficient and inexpensive means of communication."); *Walker v. City of Hutchinson*, 352 U.S. 112, 116, 1 L. Ed. 2d 178, 182 (1956) ("[T]he notice by publication here falls short of the requirements of due process. . . . Even a letter would have apprised [appellant] that his property was about to be taken . . . ."); *Schroeder v. City of New York*, 371 U.S. 208, 214, 9 L. Ed. 2d 255, 260 (1962) ("[T]he city was constitutionally obliged to make at least a good faith effort to give [notice] personally to the appellant—an obligation which the mailing of a single letter would have discharged."); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 77 L. Ed. 2d 180, 187 (1983) ("When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service.").

providing personal notice." We are of the opinion, however, that Defendant's interpretation and reliance on *Jones v. Flowers*, 547 U.S. 220, 164 L. Ed. 2d 415 (2006), is misplaced.

In *Flowers*, the Arkansas Commissioner of State Lands ("Commissioner") mailed a certified letter to the defendant to notify him of his tax delinquency. The letter stated that unless the defendant redeemed the property, the property would be subject to public sale two years later. No one was home to sign for the letter and nobody retrieved the letter from the post office within the next fifteen days. The post office returned the unopened letter to the Commissioner marked "unclaimed." *Id.* at 224, 164 L. Ed. 2d at 424.

Two years later, the Commissioner published a notice of public sale in the newspaper several weeks before the sale. No bids were submitted, permitting the State to negotiate a private sale of the property. Several months later, Linda Flowers submitted a purchase offer. The Commissioner then mailed another certified letter to the defendant, attempting to notify him that his house would be sold to Flowers if he did not redeem the property. Like the first letter, the second was also returned to the Commissioner marked "unclaimed." *Id.* The property was subsequently sold to Flowers.

The defendant filed suit against the Commissioner and Flowers, alleging that the Commissioner's failure to provide notice of the tax sale and of the defendant's right to redeem his property resulted in the taking of his property without due process. The United States Supreme Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Id.* at 225, 164 L. Ed. 2d at 425. The Court reasoned that ":despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman[,]" *id.* at 229, 164 L. Ed. 2d at 428, when the notice provider becomes aware that normal procedures are ineffective in providing notice, this triggers an obligation "to take additional steps to effect notice." *Id.* at 230, 164 L. Ed. 2d at 428. The Court then determined that "[u]nder the circumstances presented [], additional reasonable steps were available to the State." *Id.* at 225, 164 L. Ed. 2d at 425.

As in *Flowers*, the Sheriff in this case sent notice of the pending property sale to Defendant through the United States Postal Service via registered letter. However, unlike in *Flowers* where the unclaimed letters were returned *before* the sale of the property at issue, trigger-

ing the state's obligation "to take additional steps to effect notice" before the sale of the property, *id.*, in this case, the unclaimed letter was returned almost two months *after* the execution sale of the condominium, and one month *after* the Sheriff's Deed was recorded. Thus, similar to *Dusenbery* and *Mullane* where the government heard nothing back indicating that their attempts at notice had gone awry, the Sheriff did not become aware that the normal procedures for providing notice were ineffective until after the sale had been finalized. Here, as in *Flowers*, the letter was reasonably calculated to reach Defendant when it was delivered to the postman, but, unlike *Flowers*, under the circumstances presented in this case, it was not practicable for the Sheriff, without knowledge of the non-receipt, to take additional reasonable steps to notify Defendant of the impending sale of the property.

Accordingly, the notice provided to Defendant complied with due process requirements. The use of the mail addressed to Defendant at his last known and actual address was clearly acceptable for much the same reason the United States Supreme Court and the North Carolina Appellate Courts have approved mailed notice in the past. *Dusenbery*, 534 U.S. 161, 151 L. Ed. 2d 597. *E.g.*, *Henderson Cty. v. Osteen*, 292 N.C. 692, 708, 235 S.E.2d 166, 176 (1977) ("[N]otice of the execution sale . . . sent by registered or certified mail to the listing taxpayer at his last known address . . ., in conjunction with the posting and publication also required by the statute, would, in our opinion, be sufficient to satisfy the fundamental concept of due process of law . . . ."); *Hardy v. Moore Cty.*, 133 N.C. App. 321, 515 S.E.2d 84 (1999) (concluding that due process was satisfied where notice of a tax foreclosure sale of plaintiff's property was mailed to plaintiff's last known address and published in the local newspaper); *Myers v. H. McBride Realty, Inc.*, 93 N.C. App. 689, 379 S.E.2d 70 (1989) (concluding that due process requirements were complied with where the sheriff sent notice of an execution sale via certified mail to the plaintiff's address listed on the execution notice and to an address where plaintiff owned real property).

We conclude that the Sheriff's actions were "reasonably calculated, under all the circumstances, to apprise [Defendant] of the action." *Mullane*, 339 U.S. at 314, 94 L. Ed. at 873. Due process requires no more.

The order of the trial court denying Defendant's Rule 60(b) motion is

**IN RE R.D.L.**

[191 N.C. App. 526 (2008)]

AFFIRMED.

Judges McGEE and TYSON concur.