RUFUS W. OVERSTREET AND GRACIE L. OVERSTREET v. THE CITY OF RALEIGH

No. 8410SC1036

(Filed 18 June 1985)

1. **Taxation § 45— tax foreclosure judgment—adverse possession claim extinguished**

   The trial court properly granted summary judgment for defendant in an action seeking title to property by adverse possession following a tax sale. Plaintiff's action contesting the validity of the tax foreclosure title was not timely filed pursuant to G.S. 105-377; moreover, the effect of a judgment foreclosing a tax lien on real property is to extinguish all rights, title and interest in the real property subject to foreclosure, including a claim based on adverse possession. G.S. 105-374(k), G.S. 105-375(i), G.S. 1A-1, Rule 56(c).

2. **Taxation § 41.2— notice of tax foreclosure sale—personal notice to adverse possessor not required**

   Defendant City complied with all notice requirements of G.S. 105-374(c) where defendant gave personal notice to all record owners of the property in question and notice by publication to all others having an interest in the disputed property who could not with due diligence be located. Defendant was not required to give personal notice to a purported adverse possessor of land whose purported interest was not recorded. G.S. 1A-1, Rule 4.

APPEAL by plaintiffs from *Preston, Judge.* Summary judgment entered 27 July 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 8 May 1985.

This is a civil action in which plaintiffs, Rufus W. and Gracie F. Overstreet, seek to quiet title in real property located in Wake County which was conveyed to defendant, the City of Raleigh, by

commissioner's deed pursuant to a tax foreclosure sale on 7 May 1980.

The essential facts are:

Plaintiffs purchased certain real property and improvements located at 1409 Old Garner Road in Wake County on 16 October 1946. At the same time, plaintiffs attempted unsuccessfully to purchase an adjacent strip of land approximately 50 feet wide and 200 feet deep from their grantor, Henry Rogers. Plaintiffs allege in their complaint that, from the time they moved into their home in 1946 until the present, they have exercised continuous, open, exclusive, hostile and notorious dominion over the 50 × 200 feet strip of property such that title to the property has ripened in them under the doctrine of adverse possession.

A foreclosure action (79CVD4409) was initiated against the record owners of the disputed section of property in 1979 by defendant for failure to pay delinquent ad valorem taxes. The complaint in the tax foreclosure action was served by registered mail to the record owners of the property pursuant to G.S. 1A-1, Rule 4(j)(9)b and to all others by publication pursuant to G.S. 1A-1, Rule 4(j)(9)c and 4(k)(2) as the Rules of Civil Procedure then required. In the foreclosure action, judgment was subsequently entered in favor of defendant, City of Raleigh. A public auction of the property, including the disputed strip, was conducted with defendant being the highest bidder. The commissioner's deed conveying the property to defendant was recorded in the Wake County Registry 7 May 1980.

Plaintiffs commenced this action 14 June 1983, seeking title to the property under the doctrine of adverse possession. Defendant moved for summary judgment based on the one year statute of limitation contained in G.S. 105-377. Summary judgment was entered in favor of defendant and plaintiffs appeal.

*Moore, Van Allen, Allen and Thigpen, by C. Steven Mason and William D. Dannelly, for plaintiff-appellants.*

*Thomas A. McCormick, Jr., for defendant-appellee.*

EAGLES, Judge.

The issue on appeal is whether the trial court properly granted summary judgment, barring plaintiffs' action to quiet title as a matter of law. We find no error.

[1] Summary judgment is proper when there is no genuine issue as to any material fact. G.S. 1A-1, Rule 56(c). It is a drastic remedy, not to be granted "unless it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Dendy v. Watkins*, 288 N.C. 447, 452, 219 S.E. 2d 214, 217 (1975). The burden is on the moving party to establish the lack of any triable issue of fact. The papers of the moving party are carefully scrutinized, while "those of the opposing party are on the whole indulgently regarded." *Id.* Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

The procedure to foreclose a tax lien on real property is contained in G.S. 105-374, *et seq.* Our examination of the record reveals that the procedures thereunder were fully complied with by defendant and that plaintiffs' action contesting the validity of the tax foreclosure title was not timely filed pursuant to G.S. 105-377.

Although a matter of first impression in this jurisdiction, we hold that the effect of a judgment foreclosing a tax lien on real property is to extinguish all rights, title and interests in the real property subject to foreclosure, including a claim based on adverse possession. The interest in the disputed property acquired by purchasers at a tax foreclosure sale is fee simple and the purchaser's title defeats claims of ownership based on adverse possession. G.S. 105-374(k), 105-375(i); *See, Leciejewski v. Sedlack*, 116 Wis. 2d 629, 342 N.W. 2d 734 (1984).

[2] Concerning the propriety of the notice of the foreclosure sale, we hold that defendant complied with all notice requirements of G.S. 105-374(c). Where defendant gave personal notice to all record owners of the property in question and notice by publication as provided in G.S. 1A-1, Rule 4 to all others having an interest in the disputed property who could not with due diligence be located, defendant was not required to give personal notice to

a purported adverse possessor of land whose purported interest was not recorded. *Leciejewski v. Sedlack, supra.* To hold otherwise would require that every taxing authority in this State seeking to sell land pursuant to a tax foreclosure, conduct an on-site inspection of the land subject to foreclosure in order to determine whether a claim of adverse possession might lie. Such a requirement is not required by the statutes, is unworkable, and would unnecessarily complicate, delay and cloud tax foreclosure sales.

Where the record shows title in defendant pursuant to G.S. 105-374 and where plaintiffs brought their action to quiet title beyond the one year statute of limitation contained in G.S. 105-377, nothing else appearing there are no genuine issues of material fact. Accordingly defendant was entitled to summary judgment as a matter of law.

Affirmed.

Judges WELLS and BECTON concur.