CITY OF HIGH SHOALS v. VULCAN MATERIALS CO.

[105 N.C. App. 424 (1992)]

---

CITY OF HIGH SHOALS, A MUNICIPAL CORPORATION, PLAINTIFF v. VULCAN MATERIALS COMPANY; GASTON COUNTY; DONALD E. BAILEY; AND JAMES E. THOMASON, DEFENDANTS

No. 9127SC176

(Filed 18 February 1992)

**Municipal Corporations § 30.11 (NCI3d) — existence of zoning ordinance — prohibition of rock quarry — sufficient forecast of evidence**

Plaintiff city's forecast of evidence was sufficient to raise a genuine issue of material fact as to whether defendant's operation of a rock quarry within the city limits was prohibited by a zoning ordinance enacted by the city council in 1973, although plaintiff failed to produce a copy of the 1973 ordinance at the summary judgment hearing, where plaintiff presented the affidavits of two city officials attesting to the existence of the 1973 ordinance, and plaintiff presented a certified copy

CITY OF HIGH SHOALS v. VULCAN MATERIALS CO.

[105 N.C. App. 424 (1992)]

of public records stating that plaintiff has had a zoning ordinance applying to land within plaintiff's city limits since 28 November 1973.

**Am Jur 2d, Summary Judgment §§ 23, 26, 27, 32, 33; Zoning and Planning §§ 101, 103, 121.**

APPEAL by plaintiff from summary judgment entered 1 October 1990 in GASTON County Superior Court by *Judge Marvin K. Gray.* Heard in the Court of Appeals 6 January 1992.

The City of High Shoals (hereinafter plaintiff) instituted this suit seeking to enforce its zoning ordinance and prohibit defendant Vulcan Materials Company (hereinafter Vulcan) from developing a rock quarry on certain properties located within the city's zoning jurisdiction. The record on appeal tends to establish the following facts and circumstances.

Plaintiff is a municipal corporation located in Gaston County. Vulcan, a North Carolina corporation, develops, among other things, materials used in the construction of buildings and highways. In December of 1988, Vulcan began preliminary operations to determine if an area of land within and adjacent to plaintiff's boundaries was suitable for the operation of a rock quarry. These operations included acquiring options to purchase three adjoining parcels of land.

Vulcan acquired options to purchase all three parcels of land by March 1989 and then began surveying, drilling and bulldozer work in furtherance of their intent to develop a rock quarry. In July 1989, Vulcan applied to the Gaston County Inspections Department and Health Department for building, well installation and improvement permits. These permits were necessary for Vulcan to begin building structures for the operation of a rock quarry. On 21 September 1989, Vulcan applied to the North Carolina Department of Environment, Health and Natural Resources for a permit to operate a rock quarry as required by N.C. Gen. Stat. §§ 74-46 through 68 (1991). All of these permits were issued in July of 1989 with the exception of the State permit which was issued in March of 1990. Vulcan renewed their permits from Gaston County in December 1989.

Vulcan's State Sales Manager, S.B. Clarke, was informed in July 1989 that plaintiff had an effective zoning ordinance which pertained to land within its city limits. This ordinance purportedly

CITY OF HIGH SHOALS v. VULCAN MATERIALS CO.

[105 N.C. App. 424 (1992)]

zoned all lands within the city limits as residential areas. This zoning scheme, enacted on 28 November 1973, purportedly prohibited industrial operations such as a rock quarry within the city limits. A portion of land Vulcan intended to use as a rock quarry was located within the city limits. Further, Clarke was told that the city council intended to pass a new zoning ordinance which would extend the jurisdiction of the original ordinance one mile beyond the city limits. The lands outside plaintiff's city limits on which Vulcan intended to place a portion of its rock quarry would be encompassed by the 1989 ordinance.

This new ordinance was enacted on 28 December 1989 and mirrored the existing ordinance pertaining to lands located within the city limits. The new ordinance specified that all lands, within the city limits and in the new one-mile perimeter, on which Vulcan intended to operate a rock quarry were zoned residential areas. The ordinance further specified that plaintiff would not allow the issuance of building permits for a rock quarry on these lands subsequent to its adoption. The operation of a rock quarry on these lands is a non-conforming use under the 1989 zoning ordinance.

Plaintiff filed its complaint against the named defendants for the enforcement of its zoning laws. All defendants joined the pleadings with defendants Gaston County, Bailey and Thomason moving to dismiss plaintiff's complaint as to them under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. This motion was allowed. Vulcan moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. This motion came on for hearing on 1 October 1990 in Gaston County Superior Court and was allowed. The trial court found there were no geniune issues of material fact and that defendant was entitled to judgment as a matter of law. Plaintiff appeals.

*Wade W. Mitchem; and Whitesides, Robinson, Blue, Wilson and Smith, by Terry Albright Kenny and Henry M. Whitesides, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by H. Grady Barnhill, Jr., Roddey M. Ligon, Jr. and M. Elizabeth Gee; and Garland & Wren, P.A., by James B. Garland, for defendant-appellee Vulcan Materials Company.*

WELLS, Judge.

Plaintiff presents three assignments of error to this Court on appeal. Plaintiff does not address its second assignment of error in its brief; therefore, it is deemed abandoned. N.C.R. App. P., Rule 28. In its remaining assignments, plaintiff first contends the trial court erred in granting Vulcan summary judgment on the ground that the forecast of evidence presented raised a genuine issue of fact as to whether Vulcan's quarrying activity was prohibited by a zoning ordinance enacted by plaintiff's city council in 1973. Plaintiff further contends the trial court erred in granting Vulcan summary judgment on the ground that a genuine issue of fact existed as to whether Vulcan had obtained a vested right to operate a rock quarry in light of the zoning ordinance enacted in December of 1989. We find that the trial court erred in granting summary judgment in favor of Vulcan and reverse.

Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The burden is upon the movant to establish the absence of any issue of fact, and if once satisfied, the opposing party must come forward with facts, rather than mere allegations, which negate the moving party's case. *Hotel Corp. v. Taylor and Fletcher v. Foreman's, Inc.*, 301 N.C. 200, 271 S.E.2d 54 (1980). Summary judgment is a drastic remedy, not to be granted unless it is perfectly clear that no issue of fact is involved and the inquiry into facts is not desirable to clarify application of law. *Overstreet v. City of Raleigh*, 75 N.C. App. 351, 330 S.E.2d 643 (1985).

In the present case, Vulcan relies upon the absence of the 1973 zoning ordinance or map to meet its burden of establishing the absence of an issue of fact. Vulcan contends that plaintiff's failure to produce the 1973 ordinance shows there is no question of fact regarding their right to operate a rock quarry within plaintiff's city limits. We disagree.

While plaintiff did fail to produce a copy of the 1973 ordinance at the summary judgment hearing, the record reveals that plaintiff presented at least two affidavits from city officials who attest to the existence of the 1973 ordinance. Further, plaintiff, through its attorney, presented at the summary judgment hearing a cer-

tified copy of the public records of Gaston County. This certified copy stated that plaintiff has had a zoning ordinance applying to land within plaintiff's city limits since 28 November 1973.

We hold that plaintiff has presented an adequate forecast of the evidence to raise an issue of fact concerning the existence of the 1973 ordinance and negate Vulcan's contention that there is no impediment to their operation of a rock quarry within plaintiff's city limits. Therefore, the decision of the trial court is reversed and this case should proceed to trial.

Reversed and remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.