ARLENE N. ZACHARY v. SECURITY LIFE AND TRUST COMPANY AND QUENTIN R. ZACHARY, ADMINISTRATOR OF THE ESTATE OF JIMMY DARRELL ZACHARY, DECEASED

No. 6915SC182

(Filed 2 April 1969)

**Insurance § 29—   life insurance beneficiary — "surviving widow" — husband and wife separated under deed of separation**

Plaintiff is entitled as "surviving widow" to the proceeds of a policy of life insurance taken out on the life of deceased to secure payment of a home mortgage loan, notwithstanding plaintiff and deceased had executed a deed of separation in which plaintiff released all her right, title and interest in the property and estate of deceased, where the deed of separation provided that deceased would convey to plaintiff his interest in the home and plaintiff would assume payment of the loan, deceased delivered to plaintiff a quitclaim deed to the home, the passbook in which the loan payments were recorded and the life insurance policy, and plaintiff made the monthly payment on the loan and paid the monthly premium on the insurance policy, the evidence showing that plaintiff was to have possession and ownership of the life insurance policy.

APPEAL by defendant Quentin R. Zachary (administrator), administrator of the estate of Jimmy Darrell Zachary (deceased), from *Hall, J.,* November 1968 Civil Session, ALAMANCE County Superior Court.

This civil action was instituted by Arlene N. Zachary (plaintiff) against Security Life and Trust Company (Security) and the administrator to recover the proceeds of a certain life insurance policy issued by Security on the life of deceased.

On 24 July 1964 the plaintiff and deceased were married in Alamance County, North Carolina. In July 1966 they purchased a house in Burlington, North Carolina, in connection with which they borrowed $16,500 from First Federal Savings & Loan Association of Burlington (First Federal). To represent this loan and to secure its repayment, the plaintiff and deceased executed a note and deed of trust upon their house. As additional security, First Federal was made beneficiary under a term life insurance policy in the amount of $16,500 which was taken out with Security on the life of deceased. This policy provided:

"The amount payable upon the death of the Insured shall be payable to the beneficiary designated in Schedule I, to be applied by such beneficiary first toward payment of the loan referred to in the schedule, any balance to be paid by such beneficiary to the surviving widow or widower of the Insured if any, and if not, to the estate of the Insured. The payment of

the proceeds of this contract to the beneficiary shall release the
Company of any and all further liability hereunder."

The policy also provided for monthly insurance premium payments
and for a monthly declining balance of insurance over a period of
three hundred months as the amount of the loan from First Federal
declined.

On 25 August 1967 the plaintiff and deceased separated, and on
31 August 1967 they entered into a deed of separation. This deed
of separation provided, among other things, that deceased would
execute and deliver to the plaintiff a deed conveying to her all of
his right, title and interest in and to the house, and that she would
assume the payment of the unpaid balance on the loan due First
Federal. In compliance with this deed of separation, deceased exe-
cuted and delivered a quitclaim deed to the plaintiff on 31 August
1967. This quitclaim deed conveyed to her all of his right, title and
interest in and to the house. Deceased also delivered a passbook
and the insurance policy to the plaintiff on the same date. In re-
sponse to a question asked by counsel for the administrator, the
plaintiff stated:

"Yes, he signed over the house to me the day that the separa-
tion papers were signed and then I started over to the court-
house to file it, to have it registered, and he gave me the pass-
book and the insurance policy and told me that I would need
those."

The monthly payments on the loan were recorded in this passbook,
which had been issued by First Federal to the plaintiff and de-
ceased. The passbook showed that the monthly payments of prin-
cipal and interest would be $106, while the monthly life insurance
premium would be $7, a total of $113 per month.

In compliance with the deed of separation, the plaintiff paid
First Federal $113 on 1 September 1967. This amount represented
the $106 monthly payment of principal and interest plus the $7
monthly premium on the life insurance policy.

During the first week of October 1967 the plaintiff sold the
house, and in connection with this sale, she paid the entire balance
of the loan due First Federal. After 5 November 1967 First Federal
released and waived any and all rights to the policy since the bal-
ance had been paid in full.

Although deceased changed the beneficiaries in a life insurance
policy other than the one involved in this litigation after the sep-
aration, no change was made in the policy in question from 25

August 1967 to 5 November 1967 when deceased was killed in an automobile accident. During this period of time, the plaintiff retained possession of this policy.

Subsequent to the institution of this civil action, Security deposited in the office of the Clerk of Superior Court of Alamance County the sum of $16,522.38, which represented the balance due on the policy as of 5 November 1967, plus the interest accruing to the date of deposit. Upon receipt of this deposit, an order was entered dismissing the plaintiff's action against Security. Therefore, the question for determination at the trial was whether the plaintiff or the estate of deceased was entitled to the insurance proceeds. The plaintiff and the administrator agreed that Judge Hall would hear the evidence, find the facts, make conclusions of law upon said facts and render a judgment accordingly.

Judge Hall found the facts to be as stated, *supra*. Upon such findings of fact, he concluded that the plaintiff was the surviving widow of deceased within the meaning of the insurance policy and that she was, therefore, entitled to the proceeds which Security had deposited with the Clerk of Superior Court. To these findings of fact and conclusions of law, the administrator excepted and appealed to this Court.

*Ross, Wood & Dodge by Harold T. Dodge for plaintiff appellee.*

*Walker, Harris & Pierce by Herbert F. Pierce for Quentin R. Zachary, Administrator, defendant appellant.*

CAMPBELL, J.

The administrator contends that the trial judge committed reversible error in failing to sustain his motion for judgment as of nonsuit because the evidence on behalf of the plaintiff did not establish that she was the surviving widow within the meaning of the insurance policy. He argues that the deed of separation is controlling and that the following language of the deed of separation conclusively establishes that the plaintiff was not the surviving widow within the terms and provisions of the insurance policy:

"FIRST:  That it shall be lawful at all times from and after the date of this Deed of Separation for the said husband and wife to live separate and apart from each other, and each of said parties shall be at full liberty to be employed by, live and associate with such persons as each may deem for his or her best interest and welfare, free from any and all authority, con-

trol, interference or molestation of the other party, and to the same extent and in the same manner as if they had never been married."

He also relies upon the following provision of the deed of separation:

"And for the consideration aforesaid, the said wife does hereby release and forever quitclaim unto the said husband all right, title, interest and estate which she now has or could hereafter acquire in and over the property and estate of her said husband, whether now owned or hereafter acquired, and contracts to well and truly abide by and perform this Deed of Separation on her part."

The insurance policy specifically provided:

"The amount payable upon the death of the Insured shall be payable to the beneficiary designated in Schedule I, to be applied by such beneficiary first toward payment of the loan referred to in the schedule, any balance to be paid by such beneficiary to the surviving widow or widower of the Insured if any, and if not, to the estate of the Insured."

Since the loan had been paid in full and First Federal had relinquished any and all rights to the policy, the balance was to go "to the surviving widow" under this provision.

"Widow" is defined in Black's Law Dictionary, 4th Edition, as "A woman whose husband is dead, and who has not remarried." "Widow" is defined in Webster's Third New International Dictionary (1968) as "a woman who has lost her husband by death and has not since remarried." Although the plaintiff had separated from deceased, she was not divorced from him. Therefore, she clearly complies with these definitions of "widow". See *Supreme Council American Legion of Honor v. Smith,* 45 N.J.Eq. 466, 17 A. 770.

"General expressions or clauses in a property settlement agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effect such a change, each case must be decided upon its own facts. . . . .

. . . A contract between husband and wife entered into in contemplation of divorce proceedings for the purpose of settling the question of alimony, according to which a stipulated sum was agreed to in consideration of which the wife released the husband from all claims set forth therein, and all other claims, real or imaginary, being solely for the purpose of settling the question of alimony, did not affect a contingent claim of the right of the wife as beneficiary under a life insurance policy, especially where it appeared that the husband eliminated his divorced wife as the beneficiary on certain policies but at the time such change was made did not change the beneficiary on the specific policy involved in the suit." 4 Couch on Insurance 2d, § 27:114, pp. 655, 656.

The plaintiff and deceased clearly demonstrated by their actions and conduct that deceased retained no interest in the insurance policy after 31 August 1967. As indicated, *supra*, the deed of separation provided that deceased would execute and deliver to the plaintiff a deed conveying to her all of his right, title and interest in and to the house and that the plaintiff would assume the payment of the unpaid balance on the loan due First Federal. Simultaneous with the execution of this deed of separation, deceased delivered his quit-claim deed, the passbook and the insurance policy to the plaintiff. In compliance with their separation agreement, the plaintiff paid First Federal $113 on 1 September 1967, which represented the monthly payment on the indebtedness and the monthly premium on the insurance policy. Therefore, the facts clearly reveal that the plaintiff was to have the possession and ownership of the insurance policy.

The findings of fact are clearly supported by the evidence and the conclusions of law are clearly supported by the findings of fact.

Affirmed.

MORRIS and PARKER, JJ., concur.