IMPERIAL TOBACCO GROUP LIMITED v. PEOPLES BANK AND TRUST
COMPANY OF ROCKY MOUNT, NORTH CAROLINA, ADMINISTRATOR
OF THE ESTATE OF J. A. TAYLOR, HELENE GRIFFIN TAYLOR, JO-
SEPH STEVEN TAYLOR, A MINOR, AND PEOPLES BANK AND TRUST
COMPANY OF ROCKY MOUNT, NORTH CAROLINA, GUARDIAN OF
JOSEPH STEVEN TAYLOR

No. 697SC556

(Filed 4 February 1970)

1. Pensions— widow's pension rights — separation agreement

A wife who has separated from her husband but has never divorced
him is, upon the husband's death, a widow within the meaning of the
retirement plan of her husband's employer, and the wife is entitled to
receive the widow's pension as provided in the plan.

2. Pensions; Husband and Wife § 11— widow's pension rights —
separation agreement — third-party beneficiary

A widow who had separated from her husband under a separation
agreement in which each party contracted away all rights in the property
of the "other party" *is held* not to have relinquished her separate rights
to a widow's pension under the retirement plan of her husband's employer,
since the rights of the widow as a third-party beneficiary under the pen-
sion plan were not included in her husband's property which she relin-
quished by the separation agreement.

APPEAL by respondent Helene Griffin Taylor from *Hubbard, J.,*
June 1969 Civil Session of WILSON Superior Court.

This is a declaratory judgment action in which the petitioner
seeks a determination of the extent and proportion of its liability to
the respondents under its employees' pension plan. The material
facts, which were found by the court on the basis of admissions in
the pleadings and stipulations of the parties, are as follows:

J. A. Taylor, an employee of petitioner, died intestate on 23 July
1968. At the date of his death and for many years prior thereto he
was employed by petitioner and was a participating member in its
pension plan, under which he had completed more than three years
of pensionable service. In pertinent parts the plan provided:

"BENEFITS TO WIDOWS OF CONTRIBUTING MEM-
BERS DYING IN SERVICE

"In the event of the death in service of a Member who has been
married for more than twelve months and who has completed
three years of Pensionable Service, his widow shall be entitled
to a pension . . .

\*   \*   \*   \*   \*

"CHILDREN'S ALLOWANCES ON DEATH IN SERVICE

"In the event of the death in service of a Member leaving a

child under age 18, there shall be payable in respect of each such child an annual allowance . . .

\* \* \* \* \*

"REFUNDS ON DEATHS OF PARTICIPATING MEMBERS

"In the event of the death of a participating Member in respect of whom no widows' pension or children's allowance is payable, there will be payable to the Member's estate or personal representative a benefit equivalent to the Member's own contributions to the Plan accumulated with interest at 3% per annum to the date of death."

Other clauses of the plan set forth the formula by which the amount of the widow's pension and the children's allowance was to be computed.

J. A. Taylor was married to the respondent, Helene Griffin Taylor, who survived him. Four children of this marriage survived their father, but only the youngest, Joseph Steven Taylor, was less than 18 years of age at the time of his death. Joseph Steven Taylor became 18 years of age on 8 September 1968.

On 20 July 1961 J. A. Taylor and his wife, the respondent, Helene Griffin Taylor, entered into a separation agreement, paragraph IV of which provided in part as follows:

"Each party has released and discharged, and by this agreement does for himself or herself, and his or her heirs, legal representatives, executors, administrators and assigns, release, discharge, convey and quitclaim all right, title, interest and estate, including all rights and shares provided by statute or otherwise, in and to all property, real and personal, which the other party now has, owns or has any interest in, as well as any right, title, interest or estate in any and all property, real or personal, which the other party may hereafter acquire; and, in the absence of any default in the performance of this agreement by the other party, and except as otherwise may be provided herein, each party covenants that he or she will not at any time in the future assert any such right, title, interest or estate. . . ."

J. A. Taylor and the respondent, Helene Griffin Taylor, were never divorced. The separation agreement continued in effect from its date and at the death of J. A. Taylor was still in effect and the parties were continuing to live separate and apart thereunder. The separation was not the result of any wrongful conduct on the part of Helene Griffin Taylor and she had committed no act of forfeiture as defined in G.S. 31A-1.

Subsequent to the death of J. A. Taylor, a prior action was brought in the superior court by the administrator of his estate against Helene Griffin Taylor and all surviving children of J. A. Taylor for a declaratory judgment determining the rights of the widow and children in his estate. This action resulted in a judgment of the superior court dated 22 March 1969 adjudging that Helene Griffin Taylor is the lawful widow of J. A. Taylor, deceased, "and is entitled to all the marital rights in his estate conferred on her by law notwithstanding any provision of the Separation Agreement of July 20, 1961, and unaffected thereby, to the same extent as if the same had not been executed, and Peoples Bank & Trust Company shall administer the estate and make disposition of the assets thereof accordingly." The present action was instituted on 3 April 1969 and the petitioner herein was not a party to the prior action which resulted in the judgment dated 22 March 1969.

Based on the foregoing facts the court concluded as a matter of law that Helene Griffin Taylor was the widow of J. A. Taylor within the meaning of petitioner's pension plan but that by virtue of Article IV of the separation agreement she released, waived, and relinquished all rights to any payments under the plan. The court entered judgment directing petitioner to pay Joseph Steven Taylor a child's allowance for two months in accordance with the pension plan and to refund the balance of J. A. Taylor's contributions, plus interest, to the administrator of his estate. The judgment further directed that upon making such payments, the petitioner be relieved of any further liability to respondents Helene Griffin Taylor, Joseph Steven Taylor, and the estate of J. A. Taylor. From this judgment, respondent Helene Griffin Taylor appeals, making as her sole assignment of error that the court erred in concluding as a matter of law that by virtue of the separation agreement she had relinquished all rights to any payments under the pension plan.

*Lucas, Rand, Rose, Meyer & Jones, by David S. Orcutt, for petitioner appellee.*

*Spruill, Trotter & Lane, by Charles M. Brown, Jr., for respondent appellant.*

PARKER, J.

[1]    When J. A. Taylor died, the pension plan was in full force as a binding contract obligating petitioner to perform its promises as set forth therein. One of these was that "(i)n the event of the death in service of a Member who has been married for more than twelve

months and who has completed three years of Pensionable Service, his widow shall be entitled to a pension. . . ." At his death J. A. Taylor met these conditions. The superior court has concluded as a matter of law that appellant is J. A. Taylor's widow within the meaning of the pension plan. Petitioner did not except to or appeal from that conclusion, and we agree that it is correct. *Zachary v. Trust Co.,* 4 N.C. App. 221, 166 S.E. 2d 495. Therefore, appellant is clearly entitled to receive the widow's pension as provided in petitioner's pension plan, and as third party beneficiary she may enforce her rights, unless she "released, waived, and relinquished" such rights by virtue of the separation agreement. We do not agree that she did.

**[2]** By the separation agreement each party merely contracted away all rights in the property of the "other party." Petitioner was not a party to the separation agreement. Appellant and her husband were the only parties, and by executing the agreement neither of them relinquished any rights which either then had or thereafter acquired as against the petitioner under its pension plan. The fact that at the date of the separation agreement the husband had certain vested rights under the plan lends no support to the trial court's conclusion that the wife, by executing the separation agreement, thereby relinquished such separate rights as she either then had or might thereafter acquire against petitioner under the provisions of the plan. Her rights under the pension plan were not included in the property of the "other party," her husband, which she relinquished by the separation agreement.

While we cannot determine with certainty from the record before us whether the husband had the right during his lifetime to designate someone other than his wife to receive the "widow's pension" provided for in petitioner's pension plan, we do not consider such a determination necessary to decide the question presented on this appeal. If he had that right, his failure to exercise it would indicate that he did not wish to effect such a change. Although he and his wife had separated, they were never divorced, and nothing in the record indicates he desired to relieve petitioner of the obligation of paying his wife the widow's pension provided for in its pension plan in the event she should survive him. If he did not have the right to designate any other beneficiary to receive the widow's pension, then it is even clearer that appellant's rights to receive the pension were not derived from her husband and could not be considered as being included in the property of the "other party" which she released when she executed the separation agreement.

We do not suggest that it would not have been possible for appellant and her husband to have agreed, by appropriate language for that purpose, that she release her rights under the pension plan. We do hold that the language which they did employ was not sufficient to produce that result.

Support for our holding can be found in *Zachary v. Trust Co., supra,* in which this Court speaking through Campbell, J., quoted from 4 Couch on Insurance 2d, § 27:114, p. 655, as follows:

> " 'General expression or clauses in a property settlement agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effect such a change, each case must be decided upon its own facts. . . .' "

The rights of a wife as beneficiary under an insurance policy on the life of her husband are analogous to the provisions for the widow under the pension plan before us.

We hold that respondent Helene Griffin Taylor as the widow of J. A. Taylor is entitled to receive the widow's pension as provided in petitioner's pension plan. Accordingly, the judgment appealed from is reversed insofar as it is inconsistent with this holding and this case is remanded for entry of judgment consistent herewith.

Reversed and remanded.

CAMPBELL and GRAHAM, JJ., concur.