REBECCA YAVORSKY DeVANE v. THE TRAVELERS INSURANCE COMPANY AND BETTY VERBEE DeVANE YOUNG

No. 705DC134

(Filed 27 May 1970)

1. **Insurance § 29; Husband and Wife § 11— separation agreement — effect on designation of wife as life insurance beneficiary**

   Separation agreement in which the former wife of deceased relinquished all her right, title and interest in deceased's property, *held* not to constitute a revocation of the designation of the former wife as beneficiary under a group life and accidental death policy furnished deceased by his employer, deceased's failure to exercise his right to change the beneficiary having indicated that he did not wish to effect such a change, and the separation agreement having furnished no clear expression of intent to the contrary.

2. **Insurance § 29— absolute divorce — effect on designation of former wife as life insurance beneficiary**

   Under group insurance plan which included accidental death coverage for employees and surgical and medical benefits for employees and their

dependents, the term "dependent" related only to those sections of the certificate setting out medical benefits and did not limit the term "beneficiary"; consequently, absolute divorce obtained by deceased from his former wife did not revoke the designation of the former wife as beneficiary under the life and accident policy even though she was no longer his "dependent."

**3. Insurance § 29— absolute divorce — effect on designation of former wife as life insurance beneficiary**

Neither G.S. 50-11 which provides that "all rights arising out of the marriage shall cease and determine," nor G.S. 31A-1 which bars "rights or interests in the property of the other spouse" discloses a legislative intent that divorce should annul or revoke the beneficiary designation in a life and accident policy.

Appeal by plaintiff from *Burnett, District Judge,* at the October 1969 Session of New Hanover District Court.

In this civil action, plaintiff, as the widow and administratrix of Bobby K. DeVane, seeks to recover group life and accidental death benefits under a policy written by Travelers Insurance Company (Travelers) and furnished to Bobby K. DeVane (Bobby) by his employer. The parties waived trial by jury and the trial court made, *inter alia,* findings of fact summarized as follows:

On and prior to 8 June 1961, Bobby was married to the feme defendant (Betty). As a part of Timme Corporation's normal hiring procedure, Bobby furnished certain dependent information to Timme and designated in writing that his then wife, Betty, be the beneficiary under his group life and accidental death insurance plan. Subsequently, Bobby was issued a certificate of insurance setting forth the various coverages afforded to the employees of Timme under the two Travelers group policies and designating the method by which the beneficiary could be changed. In 1964 Bobby and Betty separated pursuant to a separation agreement which agreement did not expressly refer to the aforementioned insurance benefits but provided, in part, that Betty "relinquishes and quitclaims unto the said Bobby Knox DeVane all her right, title and interest in and to the property of the said (Bobby) whether now owned or hereafter acquired by him, except the right to demand and receive the monthly payments hereinbefore specified to be paid by (Bobby) for the support of his children." On 7 July 1965, Bobby obtained an absolute divorce from Betty. On 11 July 1965, Bobby married plaintiff and was living with her at the time of his death. On or about 16 July 1965, Bobby cancelled his dependent's medical insurance on Betty and named plaintiff as beneficiary of that insurance. At that time Bobby was asked if he wished to change the beneficiary designated under his group

life and accidental death plan from Betty to plaintiff, but he did not request such change at that time and stated, "I'll see you later." On 17 November 1965, Bobby named plaintiff his beneficiary under his profit sharing plan. On 8 August 1966, Bobby died from injuries sustained in an automobile accident on 7 August 1966. At the time of his death, Bobby had not changed the beneficiary under his group life and accidental death plan.

The court concluded that neither the separation agreement nor the absolute divorce revoked the designation of Betty as beneficiary under the group life and accidental death plan, and that accordingly Betty is the person entitled to the contested benefits. From these conclusions and judgment based thereon, plaintiff appealed to this Court.

*Aaron Goldberg and Herbert P. Scott for plaintiff appellant.*

*Marshall, Williams & Gorham by A. Dumay Gorham, Jr., for defendant appellee, Travelers Insurance Company.*

BRITT, J.

Plaintiff raises two questions on appeal: (1) Did the separation agreement constitute a revocation of the designation of Betty as beneficiary under the group life and accident policy? (2) Did the absolute divorce obtained by Bobby operate as a revocation of the designation of Betty as beneficiary under the group life and accident policy? We answer both questions in the negative.

[1]    (1)   In *Zachary v. Trust Co.*, 4 N.C. App. 221, 166 S.E. 2d 495 (1969), the court explained that "while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effect such a change, each case must be decided upon its own facts." The separation agreement in the instant case did not expressly refer to the insurance benefits, but provided, in part, that Betty "relinquishes and quitclaims unto the said Bobby Knox DeVane all her right, title and interest in and to the property of the said Bobby Knox DeVane, whether now owned or hereafter acquired by him, except the right to demand and receive the monthly payments hereinbefore specified to be paid by the said Bobby Knox DeVane for the support of his children, and covenants and agrees well and truly to perform and abide by this contract."

In *Tobacco Group Ltd. v. Trust Co.*, 7 N.C. App. 202, 171 S.E.

2d 807 (1970), the court quoted the prevailing rule of construction as expressed in 4 Couch on Insurance 2d, § 27:114, p. 655:

> "General expression or clauses in a property settlement agreement between a husband and a wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take under an insurance contract of the other * * *."

The court in that case held that the general language of a separation agreement by which each party released all rights in the property of the other did not reveal a clear intent that the wife therein relinquished rights which she later acquired as beneficiary under a pension plan established by her husband's employer. Parker, J., at page 205, explained the position taken by the court:

> "* * * Appellant and her husband were the only parties, and by executing the agreement neither of them relinquished any rights which either then had or thereafter acquired as against the petitioner under its pension plan. The fact that at the date of the separation agreement the husband had certain vested rights under the plan lends no support to the * * * conclusion that the wife, by executing the separation agreement, thereby relinquished such separate rights as she either then had or might thereafter acquire against petitioner under the provisions of the plan. Her rights under the pension plan were not included in the property of the 'other party,' her husband, which she relinquished by the separation agreement."

The record discloses that Bobby had the right to change the beneficiary by filing a written request for such a change with his employer. As the separation agreement furnishes no clear expression of intent to the contrary, we are of the opinion that, as was suggested in *Tobacco Group Ltd.* and *Zachary*, "his failure to exercise it would indicate that he did not wish to effect such a change," and we will not read such an intent into the general language of this separation agreement.

[2]     (2)  Plaintiff contends that the absolute divorce operated so as to revoke the designation of Betty as beneficiary of the group life and accident policy. The contention proceeds along the following lines: (a) protection is provided for dependents of the employee, (b) "dependent" as used in the policy is limited to "the Employee's wife or husband, as the case may be," (c) dependents cease to be

covered "[w]hen such person ceases to be a Dependent of the Employee" and (d) Betty was no longer a dependent at the time of Bobby's death, therefore, she is not entitled to receive the proceeds of this insurance policy.

An examination of the policy, however, discloses that the terms "beneficiary" and "dependent" are not interchangeable. The certificate included accidental death coverage for employees as well as surgical and major medical benefits for employees and their dependents. The term "dependent" is material and pertinent only as it relates to those sections of the certificate setting out medical benefits; the policy discloses no intent that the term "dependent" should operate as a limitation on the term "beneficiary."

[3] Although the legislature has provided in G.S. 58-281 that absolute divorce automatically annuls the designation of a husband or wife as beneficiary in a policy issued by a fraternal order or society, policies of that type are *sui generis*. There is no similar provision applicable to insurance policies generally. Neither G.S. 50-11 which provides that "all rights arising out of the marriage shall cease and determine," nor G.S. 31A-1 which bars rights to "[a]ny rights or interests in the property of the other spouse" discloses a legislative intent that divorce should annul or revoke the beneficiary designation in a garden-variety insurance certificate.

For the reasons stated, the judgment of the district court is

Affirmed.

BROCK and HEDRICK, JJ., concur.