BETTY M. DAUGHTRY, EXECUTRIX OF THE ESTATE OF THEODORE EUGENE McLAMB (ALSO KNOWN AS THEODORE E. McLAMB), Plaintiff v. SHARON D. McLAMB AND UNITED OF OMAHA LIFE INSURANCE COMPANY, (ALSO KNOWN AS MUTUAL OF OMAHA COMPANIES), Defendants

No. COA98-643

(Filed 16 February 1999)

**Insurance— change of beneficiary—divorce decree**

The trial court properly granted defendant's motion for summary judgment on an action seeking a declaration that the proceeds of a life insurance policy belonged to the estate of decedent under the terms of a divorce decree rather than the beneficiary in the policy, decedent's ex-wife, where the language of the decree did not sufficiently show an intent to divest defendant as beneficiary in that it did not specifically refer to life insurance, decedent never attempted to change the beneficiary in the four years after the divorce, and decedent and defendant remained friends after their divorce and continued to maintain a joint checking account.

Appeal by plaintiff from judgment entered 23 February 1998 by Judge W. Russell Duke, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 13 January 1999.

*Earl Whitted, Jr. and D. Lynn Whitted for plaintiff-appellant.*

*Phillip E. Williams for defendant-appellee.*

WALKER, Judge.

Thomas Eugene McLamb ("decedent") and Sharon D. McLamb ("defendant McLamb") were married on 2 August 1986. On 1 July 1988, decedent purchased a life insurance policy from defendant United of Omaha Life Insurance Company in the amount of $50,000 and named defendant McLamb as the beneficiary of the policy. Decedent and defendant McLamb were divorced on 21 May 1992. The divorce decree approved by the trial court stated the following:

It is decreed that the estate of the parties be divided as follows:

Petitioner [decedent] is awarded the following as Petitioner's sole and separate property, and Respondent [defendant McLamb]

DAUGHTRY v. McLAMB

[132 N.C. App. 380 (1999)]

is hereby divested of all right, title and interest in and to such property:

. . .

(2) Any and all insurance, pensions, retirement benefits and other benefits arising out of Petitioner's employment with the United States Air Force.

Decedent died testate on 14 September 1996 without ever having executed a change of beneficiary on his life insurance policy. On 19 November 1996, plaintiff Daughtry, sister of decedent and in her capacity as Executrix of decedent's estate, filed this action seeking a declaration that the proceeds of the life insurance policy belonged to the estate of the decedent. Defendant McLamb answered asserting she was entitled to the proceeds since she remained the beneficiary under the policy.

At a hearing on defendant McLamb's motion for summary judgment, the trial court found:

4. That aside from the divorce decree cited by the plaintiff there was no factual allegation or claim of intention by the decedent to change the designation of defendant Sharon McLamb as the beneficiary of the life insurance policy at issue.

5. That the divorce decree in question does not specifically refer to "life insurance" and refers only to insurance "arising out of [decedent's] employment with the United States Air Force."

The trial court granted defendant McLamb's motion for summary judgment after concluding that "there is no genuine issue of material fact, and that defendant Sharon McLamb is entitled to judgment as a matter of law."

On appeal, plaintiff contends the trial court erred in granting summary judgment. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Beckwith v. Llewellyn*, 326 N.C. 569, 573, 391 S.E.2d 189, 191, *rehearing denied*, 327 N.C. 146, 394 S.E.2d 168 (1990). The burden is on the movant to establish the lack of a genuine issue of material fact. *Seay v. Allstate Insurance Co.*, 59 N.C. App. 220, 221-22, 296 S.E.2d 30, 31 (1982). The evidence is viewed in the light most favorable to the non-moving party with all reasonable inferences drawn in favor of the non-movant. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974).

Plaintiff argues that the language of the divorce decree shows that defendant McLamb intended to relinquish any rights she may have had in decedent's life insurance policy.

This Court has held that a divorce should not annul or revoke the beneficiary designation in a life insurance policy. *DeVane v. Insurance Co.*, 8 N.C. App. 247, 251, 174 S.E.2d 146, 148 (1970). In *DeVane*, the defendant was designated as beneficiary in her husband's life insurance policy. *Id.* at 248-49, 174 S.E.2d at 146-47. The defendant and her husband divorced and he remarried prior to his death; however, he failed to change the beneficiary on the policy. *Id.* There, the plaintiff (the husband's second wife) argued that the separation agreement entered into by the defendant and her husband prior to their divorce constituted a revocation of the designation of the defendant as the beneficiary on the life insurance policy. *Id.* The separation agreement provided that the defendant "relinquishes and quit-claims" to her husband all rights to his property. *Id.* This Court found the separation agreement was not a sufficient revocation of the first wife as the beneficiary of the policy and held that since the husband failed to exercise a change in the beneficiary that indicated his intention not to effect such a change. *Id.* at 148, 174 S.E.2d at 250. In addition, in *Tobacco Group Ltd. v. Trust Co.*, 7 N.C. App. 202, 206, 171 S.E.2d 807, 810 (1970) (quoting *4 Couch on Insurance 2d* § 27:114), this Court stated:

> General expressions or clauses in a property settlement agreement between a husband and wife. . . are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouse it was intended to deprive either spouse of the right to take under the insurance contract of the other. . . .

Here, the language in the parties' divorce decree does not sufficiently show that it was the intention of the parties to divest defendant McLamb as beneficiary on the policy. As the trial court found, the divorce decree does not specifically refer to "life insurance," but instead refers only to insurance "arising out of [decedent's] employment with the United States Air Force." In addition, in the four years since the divorce, the decedent never attempted to change defendant McLamb as the beneficiary. Also, the evidence showed that the decedent and defendant McLamb remained friends after their divorce and

continued to maintain a joint checking account. When no attempt is made during the decedent's lifetime to change the beneficiary, the named beneficiary has acquired vested rights to the policy benefits. *Smith v. Principal Mut. Life Ins. Co.*, 131 N.C. App. 138, 140, 505 S.E.2d 586, 588 (1998).

The plaintiff failed to present evidence to show that the decedent ever intended to change defendant McLamb as the beneficiary on the life insurance policy. Therefore, since there is no genuine issue of material fact, the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.