NICHOLAS A. HARDY, Plaintiff v. MOORE COUNTY, MOORE COUNTY TAX
DEPARTMENT, WILEY BARRETT, and PHILLIP I. ELLEN, Defendants

No. COA98-1007

(Filed 18 May 1999)

### Taxation— foreclosure sale—notice to resident of England

The trial court properly granted summary judgment in favor
of defendants in an action alleging failure to comply with N.C.G.S.
§ 105-375, violations of due process, and constitutional violations
arising from a tax foreclosure sale where property in the
Pinehurst Resort and Country Club was owned by a resident of
England; tax notices were sent to the address furnished by the
owner and the taxes were paid; the owner moved to a new
address in England in 1993 and arranged for the Royal Mail to for-
ward his mail but did not notify the Moore County Tax Office; tax
bills were mailed to the prior address; the only bill returned was
in 1994; plaintiff did not pay the 1992 or 1993 bills; the Tax
Department filed for a judgment for taxes and began foreclosure
in 1994; a notice was mailed by the sheriff to plaintiff's last known
address in England; that notice was returned marked "gone
away"; the sale was advertised in the local newspaper, as were
two subsequent resales; the property was ultimately sold; plain-
tiff filed this action; and the trial court granted summary judg-
ment for defendants. Although plaintiff contends that there was a
genuine issue of material fact as to whether defendants complied
with the statutory requirement of due diligence in seeking his
address, requiring the Moore County Tax Department to place a
telephone call to the Pinehurst Resort and Country Club to obtain
plaintiff's address as contended by plaintiff would place an intol-
erable burden on local taxing units and would render N.C.G.S.
§ 105-375 impracticable. Having previously paid the taxes, plain-
tiff was aware of his responsibility to pay the taxes and to keep
the Tax Department informed of any change of address.

Judge Wynn dissenting.

Appeal by plaintiff from judgment entered 15 April 1998 by Judge
W. Douglas Albright and filed 22 April 1998 in Moore County Superior
Court. Heard in the Court of Appeals 1 April 1999.

*Van Camp, Hayes & Meacham, P.A., by Michael J. Newman, for plaintiff-appellant.*

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr.; and Holshouser & Suggs, L.L.P., by Robert V. Suggs, for defendant-appellees.*

WALKER, Judge.

Plaintiff, a resident and citizen of the United Kingdom, challenges the validity of a tax foreclosure sale conducted by the Moore County Tax Department pursuant to N.C. Gen. Stat. § 105-375. In 1987, plaintiff, who was then residing in Hong Kong, purchased a lot at the Pinehurst Resort and Country Club. A few years later, plaintiff moved back to England and resided at Snows Ride Windlesham, 14 Hawkes Leap, Surrey, England. Plaintiff furnished this address to the Tax Department and received tax notices at that address. He paid the property taxes assessed by Moore County in 1990 and 1991 as well as for the previous years. In 1993, plaintiff moved to Pinewood Lodge, Heather Drive, Sunningdale, Berkshire, England. Plaintiff arranged for the Royal Mail to forward his mail to his new address; however, he did not notify the Tax Department of his change of address. The Tax Department mailed tax bills to plaintiff at the prior address in 1991, 1992, 1993, 1994, and 1995. The only bill returned to the Tax Department was the 1994 bill marked "gone away" by the Royal Mail. Plaintiff did not pay the 1992 or 1993 tax bills on the property.

On 24 October 1994, the Tax Department filed a judgment for taxes and began foreclosure proceedings to collect the unpaid taxes on the real property. On 22 May 1995, a Notice of Sale of Land under Execution was filed by the sheriff of Moore County who also mailed a copy by Registered Mail to plaintiff's last known address in England. The notice was returned to the sheriff marked "return to sender—gone away." The sheriff then advertised the notice of sale in The Pilot, the local newspaper, pursuant to the requirements of N.C. Gen. Stat. § 105-375(c) for four weeks prior to the sale. The original sale was conducted on 27 June 1995 and two subsequent resales were held on 27 July 1995 and 25 August 1995 due to upset bids. Each of the resales was advertised for two weeks prior to the sale in The Pilot. Ultimately, the property was sold to the highest bidders—Wiley Barrett and Phillip I. Ellen—for $6,000, and a sheriff's deed was executed to them on 20 September 1995.

HARDY v. MOORE COUNTY

[133 N.C. App. 321 (1999)]

Plaintiff learned that his property had been foreclosed and sold in May 1996 and filed this action on 12 July 1996 alleging failure to comply with N.C. Gen. Stat. § 105-375, violations of due process, and the unconstitutionality of N.C. Gen. Stat. § 105-375. Defendants Barrett and Ellen moved for summary judgment which the trial court granted for all defendants on 15 April 1998.

Plaintiff contends there were genuine issues of material fact remaining to be determined and that summary judgment was improperly granted. Plaintiff argues that the issue of whether defendants complied with the statutory requirement of "due diligence" in seeking his address to afford him notice was a question of fact.

Summary judgment is proper when there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. *Daughtry v. McLamb*, 132 N.C. App. 380, 512 S.E.2d 91 (1999); *see* N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990).

N.C. Gen. Stat. § 105-375 provides an *in rem* method of foreclosure to local taxing units. N.C. Gen. Stat. § 105-375 (1997). The notice provision of N.C. Gen. Stat. § 105-375(c) states in part:

> A notice stating that the judgment will be docketed and that execution will be issued thereon shall also be mailed by certified or registered mail, return receipt requested, to the current owner of the property (if different from the listing owner) if: (i) . . . , and (ii) *the tax collector can obtain the current owner's mailing address through the exercise of due diligence.* If within 10 days following the mailing of said letters of notice, a return receipt has not been received by the tax collector indicating receipt of the letter, then the tax collector shall have a notice published in a newspaper of general circulation in said county once a week for two consecutive weeks directed to, and naming, all unnotified lienholders and the listing taxpayer that a judgment will be docketed against the listing taxpayer.

N.C. Gen. Stat. § 105-375(c) (1997) (emphasis added).

Our Supreme Court has held that the notice provision of N.C. Gen. Stat. § 105-375 is sufficient to comport with due process:

> When notice of the execution sale is sent by registered or certified mail to the listing taxpayer at his last known address, as is required by G.S. 105-392 (now G.S. 105-375), it is reasonably probable that he . . . will be made aware of the impending sale of the

property. . . . Such notice, in conjunction with the posting and publication also required by statute, would, in our opinion, be sufficient to satisfy the fundamental concept of due process of law.

*Henderson County v. Osteen*, 292 N.C. 692, 708, 235 S.E.2d 166, 176 (1977). The Court further noted that a greater requirement on the foreclosing county would "impose an intolerable burden upon the county" and would make the provisions of N.C. Gen. Stat. § 105-375 "completely impracticable." *Id.*

Plaintiff cites *Jenkins v. Richmond County*, 99 N.C. App. 717, 394 S.E.2d 258 (1990) as the sole authority for his argument that the Tax Department should have been required to call the Pinehurst Resort and Country Club in an effort to obtain plaintiff's current address. In *Jenkins*, four plaintiffs were deeded a lot within the city of Hamlet by their aunt. *Id.* Plaintiffs listed the property with the Hamlet Tax Office and gave the current mailing address of plaintiff Wimphrey Jenkins who was to be responsible for the property and taxes. Plaintiffs thereafter promptly paid their city taxes but neglected to list the property with the Richmond County Tax Office. Richmond County checked the Register of Deeds and listed the property in the name of Wimphrey Jenkins and used the physical location of the property as the owner's address. When the taxes became due, Richmond County sent the notice to Wimphrey Jenkins at the street address of the property. Jenkins did not receive the notice, and thereafter the County proceeded to foreclose under N.C. Gen. Stat. § 105-375. This Court held that the sale was invalid because the County had not attempted to mail notice to each listed property owner on the deed. *Id.* at 720, 394 S.E.2d at 261. The Court also noted that Richmond County did not exercise "due diligence" in its search for plaintiffs' mailing address, noting that a phone call to their counterparts at the Hamlet Tax Office would have provided the mailing address. *Id.* at 721, 394 S.E.2d at 261.

*Jenkins* is distinguishable from this case in several respects. Richmond County, knowing the property was in the city of Hamlet, neglected to send tax notices or notices of sale to each listed property owner on the deed. Here, plaintiff received at his address in England and paid at least two tax notices from the Tax Department before he moved. In *Jenkins*, Richmond County never obtained a current address for the owners and did not attempt to find one, instead relying on the physical location of the property. In this case, the Tax Department had a current mailing address and had billed the owner successfully at that address. This Court observed in *Jenkins* that the

**HARDY v. MOORE COUNTY**

[133 N.C. App. 321 (1999)]

County could have made a telephone call to their counterparts in Hamlet to determine whether anyone was paying the city taxes on the property. Here, the Tax Department had an address for plaintiff which he neglected to update.

We conclude that requiring the Moore County Tax Department to place a telephone call to the Pinehurst Resort and Country Club to obtain plaintiff's address as contended by plaintiff would place an "intolerable burden" on local taxing units and would render N.C. Gen. Stat. § 105-375 "impracticable." *See Osteen*, 292 N.C. 692, 235 S.E.2d 166. Having paid the property taxes since he purchased the property in 1987, plaintiff was aware of his responsibility to pay the taxes each year and to keep the Moore County Tax Department informed of any change of address.

Thus, the trial court properly granted summary judgment in favor of the defendants and the trial court's order is

Affirmed.

Judge HUNTER concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I am compelled to dissent in this matter because I find that the defendants have failed to meet the requirements of N.C. Gen. Stat. § 105-375 (1997). Specifically, I find that the defendants failed to exercise due diligence before resorting to publication as a means of providing plaintiff Nicholas Hardy with notice of the foreclosure proceedings against him.

As stated by the majority opinion, N.C. Gen. Stat. § 105-375 provides an *in rem* method of foreclosure to local taxing units. The notice provision of that statute requires the tax collector to inform the relevant party of the proceedings against him by certified mail if he "can obtain the current owner's mailing address through the exercise of due diligence." N.C. Gen. Stat. § 105-375(c). Due Diligence, in turn, requires that he "use all resources reasonably available . . . in attempting to locate [the party]." *Fountain v. Patrick*, 44 N.C. App. 584, 587, 261 S.E.2d 514, 516 (1980). When deciding whether the tax collector has used due diligence in attempting to locate a landowner, we are not bound by a restrictive mandatory checklist, rather, we

decide whether due diligence has been used on a case-by-case basis. *See Emanuel v. Fellows*, 47 N.C. App. 340, 347, 267 S.E.2d 368, 372, *disc. rev. denied*, 301 N.C. 87 (1980).

In the case *sub judice*, defendants attempt to provide Hardy with notice of the foreclosure proceeding consisted solely of their sending a mailed copy of the Notice of Sale of Land under Execution to Hardy's last address. I find that this solitary venture does not meet the due diligence requirement set forth in N.C. Gen. Stat. § 105-375. *See Barclay's American/Mortgage Corp. v. Beca Enter.*, 116 N.C. App. 100, 103, 446 S.E.2d 883, 886 (1994) (holding that sending a certified letter to the defendant's last known address, standing alone, did not constitute due diligence). Indeed, the defendants had other simple and low-cost methods of obtaining Hardy's whereabouts—such as calling the country club where the property was located—which they failed to utilize. Thus, they failed to meet the requirements of N.C. Gen. Stat. § 105-375 and therefore I would reverse the trial court's holding.